## 72000. SCOTT v. THE STATE.
(344 SE2d 764)

SOGNIER, Judge.

Appellant was convicted of aggravated assault with intent to rape and appeals.

1. Appellant contends he was denied effective assistance of counsel because his trial counsel did not file a *Brady* motion (*Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)), did not make certain objections and made improper statements in closing argument.

We have read the entire transcript and find there was no necessity for a *Brady* motion in this case. Appellant acknowledged that he was at the victim's home, and the only physical evidence in the case was a pair of scissors used in the assault and some photographs of the scene and a cut on the victim's hand. Thus, there was nothing to "discover" through a *Brady* motion. There were no valid objections to admission of the scissors and the photographs, as the scissors were identified by the victim and a detective as the scissors used in the assault, and the photographs were identified by the same parties as true and accurate pictures of what they purported to depict. Further, there was no valid objection to appellant's question to a police officer, after appellant was advised of his *Miranda* rights, as to why there was no blood on him if the victim's hand had been cut during the assault. Lastly, counsel made no improper comments in closing argument.

To establish ineffective assistance of counsel a defendant must show that his counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674). Appellant has failed to meet either prong of this test. Further, appellant was represented by retained counsel. Whenever a defendant selects his own counsel, that counsel truly represents the defendant and no mistake or error of his, made in good faith and with earnest and honest purpose to serve his client, can be made the basis of a claim of reversible error. *Harrell v. State*, 139 Ga. App. 556, 559 (3) (228 SE2d 723) (1976).

2. Appellant contends the trial court's charge was misleading and constituted a comment on the evidence. The court charged initially that appellant was charged on two indictments, which "read generally

as follows: One indictment reads that this defendant is *guilty* of aggravated assault . . ." (Emphasis supplied.) Although appellant argues that this charge was a comment on appellant's guilt, it is clear that the court's charge was a slip of the tongue, for the court went on to state: "In the other indictment he is *charged* with aggravated assault . . ." (Emphasis supplied.) Immediately thereafter the court informed the jury that appellant had entered pleas of not guilty to the offenses, that appellant was presumed innocent until proven guilty, and that the burden was on the State to prove each essential element of the offenses charged beyond a reasonable doubt. A mere verbal inaccuracy in a charge which results from a palpable "slip of the tongue," and clearly could not have misled or confused the jury, is not reversible error. *Gober v. State*, 247 Ga. 652, 655 (3) (278 SE2d 386) (1981); *Caldwell v. State*, 167 Ga. App. 692, 695 (4) (307 SE2d 511) (1983). The same rule is applicable to the other charges complained of by appellant. We have examined the entire charge of the court and find nothing constituting a comment on the evidence or which expresses an opinion of the court as to appellant's guilt. A mere slip of the tongue by the court is harmless when considered in light of the entire charge. *Mathis v. State*, 153 Ga. App. 587 (1) (266 SE2d 275) (1980).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 29, 1986.

*J. Clayton Culp*, for appellant.
*Spencer Lawton, Jr., District Attorney, Virginia A. Erskine, Assistant District Attorney*, for appellee.