73251. DONALDSON v. THE STATE.
(350 SE2d 849)

SOGNIER, Judge.

Donaldson appeals from his conviction of a violation of the Georgia Controlled Substances Act by possessing cocaine, possession of a firearm during commission of a crime and possession of a firearm by a convicted felon.

1. Appellant contends the trial court erred by failing to charge on the law of actual and constructive possession because all of the offenses charged involved possession of controlled substances and possession of a firearm. This enumeration of error is without merit.

We need not determine whether the court should have charged on actual and constructive possession because appellant made no request for such a charge. "Absent a written request to charge more fully on [possession], the charge as given was sufficient. Upright and

intelligent jurors would have no difficulty in understanding the meaning of a simple word like ['possession'], and no detailed definition need be given." *Treadwell v. State*, 129 Ga. App. 573 (2) (200 SE2d 323) (1973). This rule is particularly true where, as here, the cocaine and pistol were in appellant's actual possession (i.e., on his person) when he was arrested. Hence, there was no error in the court's failure to charge on possession.

2. Appellant contends that the evidence is not sufficient to support his conviction of possession of a firearm during the commission of a felony, because the offense which he committed (possession of cocaine) was not one of the offenses specified in OCGA § 16-11-106 (a); therefore, his possession of a firearm was not a separate crime under that section of the code. We agree.

Former OCGA § 16-11-106 (a), which was in effect at the time of the offense charged, provides, in pertinent part: "Any person who shall have on his person a firearm . . . during the commission of . . . any crime against or involving the person of another, the unlawful entry into a building or vehicle, or a theft from a building or theft of a vehicle, and which crime is a felony, commits a felony . . ." Possession of cocaine is not a crime against or involving the person of another, and does not fall within either of the other categories designated in § 16-11-106 (a), supra. Although the State argues that appellant was a known drug pusher and "pushing" drugs is an offense against another person, appellant was not charged with, nor was he committing, the offense of selling or trafficking in drugs at the time he was arrested for possession of cocaine and possession of a firearm by a convicted felon. Hence, his actions did not come within the conduct prohibited by § 16-11-106 (a), supra. Since there was no evidence to support appellant's conviction of this offense, the evidence is not sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, appellant's conviction of possession of a firearm during commission of a felony must be set aside.

3. Appellant contends he was denied effective assistance of counsel in violation of his constitutional right to due process of law. Appellant was represented at trial by retained counsel. Whenever a defendant selects his own counsel, that counsel truly .represents the defendant and no mistake or error of his, made in good faith and with earnest and honest purpose to serve his client, can be made the basis of a claim of reversible error. *Harrell v. State*, 139 Ga. App. 556, 559 (3) (228 SE2d 723) (1976); *Scott v. State*, 178 Ga. App. 844 (1) (344 SE2d 764) (1986). Our examination of the transcript shows that appellant's counsel did an excellent job of representing appellant, including her success in obtaining an acquittal of one of the charges against appellant. Nothing in the record or transcript suggests that

appellant's counsel acted other than honestly, diligently and in good faith in representing him. Accordingly, this enumeration of error is without merit.

*Judgment affirmed as to Count I and Count IV. Judgment reversed as to Count III, possession of a firearm during commission of a crime. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED NOVEMBER 18, 1986.

*Frank B. Hester*, for appellant.

*Lew S. Barrow, District Attorney, David J. Kelley, Edith M. Edwards, Assistant District Attorneys*, for appellee.