## 75756. WESTFALL v. THE STATE.
### (365 SE2d 527)

BANKE, Presiding Judge.

The appellant was convicted of one count of aggravated assault, 13 counts of burglary, and one count of attempted burglary. She appeals from the denial of her motion for new trial. *Held*:

1. The appellant contends that 12 of her 13 burglary convictions were not supported by sufficient evidence in that they were based solely on evidence purporting to establish her alleged recent, unexplained possession of goods stolen during the burglaries. The following facts were adduced at trial: On September 8, 1986, the police arrested the appellant and another individual after having observed them in the act of committing a burglary. A van in which the appellant was riding as a passenger at the time of her arrest contained property which had been stolen during the 13 burglaries, and this property was readily accessible to her from her seat in the van. A witness to the most recent burglary had observed the appellant in possession of a handgun which was shown to have been stolen during one of the earlier burglaries. It was established that the various burglaries were characterized by a similar modus operandi. The appellant did not offer any evidence at trial.

We conclude that a rational trier of fact could reasonably have determined beyond a reasonable doubt from the foregoing evidence that the appellant had participated in each of the burglaries. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accord *H. R. G. v. State*, 170 Ga. App. 776 (318 SE2d 210) (1984). Compare *Rautenberg v. State*, 178 Ga. App. 165 (1) (342 SE2d 355) (1986) (wherein the only factor linking the defendant with the theft was his presence as a passenger in the cab of a truck which was found to be transporting stolen goods, and where the goods were located in the bed of the truck rather than the cab). See also *Bankston v. State*, 251 Ga. 730 (309 SE2d 369) (1983), regarding the evidentiary weight of recent, unexplained possession of stolen goods in burglary convictions generally.

2. The appellant enumerates as error the refusal of the trial

court to sever the various charges. "[W]here the offenses are so similar that they show a common scheme or plan or have an identical modus operandi, severance is discretionary with the trial court." *Williams v. State*, 178 Ga. App. 581, 584 (344 SE2d 247) (1986). As it appears that each of the counts with which the appellant was charged was tried on the theory that it constituted a part of a common scheme or plan, and as the evidence tended to support such a theory, the trial court did not manifestly abuse its discretion in refusing to grant a severance.

3. The appellant contends that the court erred in failing, without request, to charge the jury on "the law of possession, either actual or constructive," and in giving misleading instructions concerning possession. Generally speaking, a criminal defendant has a duty pursuant to OCGA § 5-5-24 (b) to request any desired jury instructions, and he is relieved of that duty only "in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence." *Spear v. State*, 230 Ga. 74, 75 (195 SE2d 397) (1973). In the present case, the trial court charged the jury that mere proximity to the stolen property would not establish possession, that there was a "rebuttable inference" that the contents of the van were in the possession of the driver or the person having custody or control of the van, and that the appellant must be acquitted unless it were determined from all of the evidence in the case that the state had rebutted that inference. Even on appeal, the appellant has not specified what additional legal principles the court should have charged with respect to the issue of possession. Under the circumstances, we hold that the court's instructions to the jury were neither misleading nor confusing and that no reversible error has been established in connection with the charge.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED JANUARY 29, 1988.

*J. Stanley Rhymer*, for appellant.
*Thomas C. Lawler III, District Attorney, Phil Wiley, Assistant District Attorney*, for appellee.