A90A2091. ANCRUM v. THE STATE.
A90A2092. PARKER v. THE STATE.
(399 SE2d 574)

DEEN, Presiding Judge.

Appellants Parker and Ancrum were jointly tried and convicted of the offenses of trafficking in cocaine and possession of a dangerous drug. Parker was also convicted in the same trial of possession of marijuana.

1. Appellants contend that the trial court erred by instructing the jury on alternative methods by which trafficking in cocaine may be committed under OCGA § 16-13-31 (a) (1), where the indictment charged only the method that the appellants knowingly possessed the cocaine. The trial court charged that the offense may be committed by "any person who knowingly sells, delivers, or brings into this state, or who is knowingly in possession of [cocaine]. . . ." Reversible error occurs when the court instructs that "an offense may be committed in more than one manner where only one manner is alleged in the indictment and no remedial instructions are given to limit the jury's consideration to that particular manner." *Owens v. State*, 173 Ga. App. 309, 312 (326 SE2d 509) (1985); *Cauthen v. State*, 177 Ga. App. 565, 567 (340 SE2d 199) (1986). Reviewing the court's charge in its entirety, we find that adequate limiting instructions were given. The court read the indictment to the jury, pointing out that in Count 1 the appellants were charged with trafficking by knowing possession of the cocaine. The court further instructed that the jury should reach its decision on the trafficking offense based on the charges as made in Count 1 of the indictment. See *Ross v. State*, 192 Ga. App. 65, 66 (383 SE2d 627) (1989). The instructions were sufficient to prevent any likelihood that the jury would mistakenly convict appellants on evidence supporting a form of trafficking in cocaine not charged in the indictment. We therefore find no reversible error. *Searcy v. State*, 168

Ga. App. 233 (308 SE2d 621) (1983).

2. Both appellants claim error in the failure of the court to give a charge defining possession as an element of the offenses. Appellant Ancrum further complains that the court erred by failing to give his requested charges relating to the issue of possession. The record shows the following facts relevant to these enumerations: Appellants Parker and Ancrum, along with Gregory Lewis, were traveling in an automobile when they were stopped by a McIntosh County deputy, who observed the vehicle weaving. The deputy's suspicions were aroused when Parker, who was driving at the time, appeared "nervous" and "fidgety." Parker signed a written consent to search form after declaring he was the owner of the car. Officers found a brown paper bag and a jar under the front seat. The bag contained 76.4 grams of crack cocaine and the jar contained 452.5 grams of tetracaine (defined as a dangerous drug in OCGA § 16-13-71) and ephedrine, which a witness from the State Crime Lab testified he had seen used as a mix with cocaine to dilute it and increase its bulk. Additionally, officers removed small amounts of white powder, later identified as cocaine hydrochloride, from the front and rear seats of the car. After all three occupants of the car were arrested, a search of Parker's person revealed $1,100 in cash and 1.2 grams of marijuana. The search also revealed papers showing the car had been rented by a Tomasina Haygood from a rental agency in Charleston, South Carolina. Parker did not testify at trial. Ancrum and Lewis testified that Ms. Haygood gave the car to Ancrum so they could go to Miami to pick up her boyfriend, Parker. After leaving from Charleston and picking up Parker in Miami, they were arrested on the present charges on the return trip. Both Lewis and Ancrum claimed they had no knowledge of the cocaine or of any illegal purpose for the trip. Lewis was tried with the appellants on charges of trafficking in cocaine by knowing possession and possession of a dangerous drug and was found not guilty on all charges.

The State proceeded on the theory that all three defendants had joint possession of the contraband found under the seat of the rented car in which the defendants were passengers. The prosecution and defense of this case turned on proof, or the lack of it, that each of the defendants had actual or constructive possession of the cocaine and other dangerous drugs. The trial court's instructions on trafficking in cocaine informed the jury that the offense is committed by one "who is knowingly in possession of [the cocaine]." As to the possession of a dangerous drug charge, the court instructed that, "It shall be unlawful for any person to possess, in this State, any dangerous drug except as authorized by law." The court further charged that each element of the offenses must be proven beyond a reasonable doubt. The court gave no instruction on the legal definition of actual or constructive

possession even though the State requested such a charge and appellants presented a charge at least partially covering this issue. The appellants also made several additional requests to charge related to the possession issue on "mere presence" (requests to charge 10, 11 and 15) and "equal access" (requests to charge 13 and 18). Only Ancrum complains of the failure to give these additional charges. The trial court committed no error in refusing to give the charges on "equal access." In the automobile context the equal access rule applies to overcome the presumption that the contraband was in the exclusive possession of the driver or owner. Based on evidence that the driver, Parker, was not in exclusive possession of the rented vehicle and others had access to it, the State proceeded on a theory of joint possession. The equal access defense does not apply where the defendants are alleged to be in joint possession of the contraband. See *Robinson v. State,* 175 Ga. App. 769, 772 (334 SE2d 358) (1985); *Lance v. State,* 191 Ga. App. 701, 703 (382 SE2d 726) (1989); *Bruce v. State,* 191 Ga. App. 580, 582 (382 SE2d 367) (1989). We likewise find no error in the court's refusal to instruct on "mere presence." "Mere presence at the scene of the crime is not a recognized defense to a criminal charge. Rather, the rule that mere presence without more is insufficient to convict is really a corollary to the requirement that the State prove each element of the offense charged." *Muhammad v. State,* 243 Ga. 404, 406 (254 SE2d 356) (1979). As to request to charge number 12, it reads: "I charge you that the state — to establish possession or trafficking in cocaine — must establish facts beyond a reasonable doubt that the defendant had dominion and control over the cocaine as well as that he had actual knowledge of its presence and an actual intent to possess it. I charge you that it would not be sufficient to prove merely that the defendant used an automobile, or was riding in an automobile belonging to someone else who may have possessed the contraband." We do not find this charge to be an accurate statement of the law of possession as applied to the facts of this case, and it is mixed with a request on "mere presence." Accordingly, there was no error to refuse this charge. *Kessel v. State,* 236 Ga. 373, 374 (223 SE2d 811) (1976).

Both appellants complain of the failure of the trial court to give any instructions to the jury on the law of possession when this issue was an essential element of the offenses. This enumeration has been addressed under differing circumstances. In *Donaldson v. State,* 180 Ga. App. 879-880 (350 SE2d 849) (1986), where the defendant was charged with possession of cocaine found on his person, we held there was no error in the failure of the trial court to give a charge on actual and constructive possession because the defendant failed to request the charge, and we found that intelligent jurors would have no difficulty understanding the meaning of a simple word like possession

under those circumstances. No reversible error was found on the trial court's failure, without request, to charge on the law of actual or constructive possession in *Westfall v. State*, 185 Ga. App. 687, 688 (365 SE2d 527) (1988). The defendant in *Westfall*, a burglary case, was riding as a passenger in a van containing the stolen property. We noted that the trial court instructed the jury that mere proximity to the stolen property did not establish possession, and that the State had to rebut the inference that the driver was in possession of the contents of the van. Id. Unlike *Donaldson*, the issue of possession is more complex in the present case because the cocaine was found, not on the person of appellants, but under a seat accessible to all the defendants. Unlike *Westfall*, in this case there were no other instructions given to guide the jury on the possession issue. Even where a defendant makes no request to charge on an issue, the failure to instruct is harmful and erroneous as a matter of law where under the circumstances the jury is left without the proper guidelines for determining guilt or innocence. *Spear v. State*, 230 Ga. 74, 75 (195 SE2d 397) (1973); *Westfall*, supra at 688. " '(I)t is the duty of the judge, with or without request, to give the jury an appropriate instruction as to the law on each substantive point o[r] issue involved in (a) case' so as to enable the jury to judiciously decide the guilt or innocence of a defendant. [Cits.]" *Powers v. State*, 150 Ga. App. 25, 26 (256 SE2d 637) (1979); *Phelps v. State*, 192 Ga. App. 193, 195 (384 SE2d 260) (1989).

Under the present facts, whether the appellants had actual or constructive possession of the cocaine was the central issue for the jury. " 'The law recognizes two kinds of possession, actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it.' [Cits.]" *Lockwood v. State*, 257 Ga. 796, 797 (364 SE2d 574) (1988). Given the facts of this case, without any instruction on the law of possession, the jury was left without appropriate guidelines for reaching its verdict. The failure to so charge was substantial error and harmful as a matter of law and requires reversal of the convictions of both appellants under Counts 1 and 3 of the indictment. OCGA § 5-5-24 (c). This error does not affect Parker's conviction under Count 2 of the indictment for possession of marijuana found on his person, which is affirmed.

3. We find no merit in appellant Parker's claim that the trial court erred in the charge it gave on the burden of proof by instructing that each element of the crime must be proven "beyond a reasonable doubt, and to a moral and reasonable certainty." Substantially similar

language was approved in *Jones v. State*, 156 Ga. App. 543 (275 SE2d 119) (1980).

4. Appellant Ancrum claims the trial court erred by failing to grant him a continuance to obtain an out-of-state witness and by failing to give a related request to charge. We need not address this enumeration because it is based on allegations in appellant's brief not contained in the record or transcript before this court. *Berry v. Demmons*, 160 Ga. App. 712 (288 SE2d 78) (1981). In any event, the record reflects that appellant announced ready when the case was called for trial, which amounted to a waiver of any motion for continuance. *Whatley v. State*, 162 Ga. App. 106 (290 SE2d 316) (1982).

*Judgments affirmed in part and reversed in part. Pope and Beasley, JJ., concur.*

DECIDED NOVEMBER 30, 1990.

*Grayson P. Lane*, for appellants.
*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.