*District Attorney*, for appellee.

A91A1197. MERRITT v. THE STATE.
(410 SE2d 349)

BIRDSONG, Presiding Judge.

Van Merritt appeals his convictions for the dual offenses of possession of cocaine while having "on and within arm's reach of accused's person a firearm, to wit: a pistol," in violation of OCGA § 16-11-106 (b) (4). *Held:*

1. The evidence showed that police officers, standing as near to an apartment doorway as "from [the witness stand] to the front bench [of the courtroom]" saw an individual standing in the doorway. The doorway was well lit and the door was open; the officers were standing in the shadows. They saw three persons standing in line on the apartment steps. The first person turned and left; the second person stepped forward and gave the individual standing in the doorway a ten dollar bill. The man in the doorway turned and retrieved something from inside the apartment and handed the buyer a small plastic bag. Police observed as the third person in line approached the man in the doorway and handed him money, and the man turned as if to reach inside the apartment. At this point, the officers "broke and ran for the door and just as we hit the steps he turned around and saw us and then slammed the door shut. . . ." One officer ran around to the back of the apartment. Appellant came through the glass of a window "and fell on top of [the officer] dropping a .22 caliber pistol on top of [the officer] and glass." The officer did not see where the gun fell from, but said, "when [appellant] hit me the gun hit my side and it fell to the ground." Appellant started to run but was caught by the other officer, who placed him in handcuffs. The man who jumped out of the window was the man the officers had seen exchanging a small plastic bag for money in the doorway of the apartment. The officers went back to the front door and were allowed in by a female; when she opened the door, cocaine and weighing scales were in plain view. They saw the butt of a gun, a .38 caliber, under a chair occupied by a woman; there were two sets of scales and about a couple of hundred of the small bags used to package cocaine. There were three or four "hits" of cocaine found in the front room.

This evidence, viewed in favor of the verdict, is sufficient to enable a rational trier of fact to find appellant guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The jury could conclude beyond a reasonable doubt that appellant was in possession of cocaine and that at least the .22 caliber pistol was "within arm's reach" of appellant

while he was in possession of the cocaine, since he obviously retrieved it instantaneously before or while running to the back of the apartment and jumping through the window. Appellant was not entitled to a directed verdict of acquittal under OCGA § 17-9-1.

2. Although appellant in his brief refers to several motions for mistrial, he argues only two. Enumerations not supported by argument of counsel or citation of authority are deemed abandoned. *Moss v. State*, 196 Ga. App. 81, 84 (395 SE2d 363). The only arguments made as to appellant's motions for mistrial are that the jury was drawn discriminately; and that the State was improperly allowed to introduce evidence of a drug sale when such was not charged in the indictment.

As to the first contention, appellant argues only that the prosecutor's proffered explanations for two jury strikes were "suspect." No other argument is made, and no reason is given as to why appellant believes the prosecutor's explanation was "suspect." We know of no rule of law that would authorize the suspension of a jury verdict on grounds that the reason given for striking a witness was "suspect." As to the defendant's burden of proof in cases involving a challenge to jury composition per *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69), see *Aldridge v. State*, 258 Ga. 75, 77 (365 SE2d 111). A party alleging error has the burden to show it affirmatively in the record; this burden is not discharged by recitations in the brief (*Blane v. State*, 195 Ga. App. 504 (393 SE2d 759)), nor by the mere assertion that some event at trial was "suspicious." See *Solomon v. State*, 195 Ga. App. 882 (395 SE2d 335).

Appellant was not entitled to a mistrial on grounds of evidence being admitted that the police witnessed what they believed were "drug sales," in this prosecution for possession and having a firearm within arm's reach. This evidence was part of the events witnessed by police, tying appellant directly to the possession of cocaine found in the apartment. The sale of a plastic bag, believed in common experience to contain drugs, in exchange for money was an aspect of the charged criminal act and was admissible as res gestae although appellant was, to his good fortune, not prosecuted for the sale of drugs. *Hight v. State*, 195 Ga. App. 727, 730 (394 SE2d 636).

3. Appellant complains similarly of the denial of his motion in limine, by which he sought to preclude the officers from testifying as to what they saw appellant doing in the doorway of the apartment. This complaint is without merit. Not only were the officers competent to testify that they observed what in their experience was a drug sale (see *Daniels v. State*, 184 Ga. App. 689 (4) (362 SE2d 775)), but the incidents which they observed, which were indicative of drug sales and which resulted in their approach to the apartment door, from which appellant fled in possession of a gun, were part of the res ges-

tae, and therefore admissible in evidence. See *O'Kelly v. State*, 196 Ga. App. 860, 861 (397 SE2d 197). "As a general rule, all the circumstances connected with a defendant's arrest are admissible as a part of the res gestae." *Crowe v. State*, 193 Ga. App. 385 (388 SE2d 24). The fact that appellant was seen in the doorway of the apartment conducting an activity which in the officers' experience appeared to be the sale of drugs is what connects appellant to the *possession* of the cocaine found in the apartment, notwithstanding the fact that he was not prosecuted for the sale.

We find no merit in this appeal.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 6, 1991.

*Patrick G. Longhi*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Katherine B. Monahan, Rebecca A. Keel, William C. Akins*, Assistant District Attorneys, for appellee.