## A92A0032. SULLIVAN v. THE STATE.
## A92A0033. RUTLEDGE v. THE STATE.
### (418 SE2d 807)

COOPER, Judge.

Appellants were tried jointly before a jury and convicted of the sale of cocaine and cocaine trafficking. They appeal from the trial court's denial of their motion for new trial and raise three enumerations of error.

1. Appellants enumerate as error the trial court's charge on trafficking in cocaine which included the alternative methods by which the offense may be committed under OCGA § 16-13-31 (a) (1). The court charged that the offense may be committed by "any person who knowingly sells, manufactures, delivers or brings into this state or who is knowingly in possession of [cocaine]. . . ." In Count Two, the indictment charged appellants with possession of cocaine in the requisite statutory amount and purity to constitute the offense of trafficking. "Reversible error occurs when the court instructs that 'an offense may be committed in more than one manner where only one manner is alleged in the indictment and no remedial instructions are given to limit the jury's consideration to that particular manner.' [Cits.]" *Ancrum v. State,* 197 Ga. App. 819 (1) (399 SE2d 574) (1990). Appellants contend that the trial court's failure to read the indictment to the jury or to give any other limiting instructions requires a reversal. The record demonstrates that the court charged the jury as follows:

"Now you heard the indictment read to you on the day that you were selected to try this case. And I'm not going to take up your time now and reread the indictment again but when you retire in just a few moments to begin your deliberations in the case the indictment will be in the jury room with you and if you need to be more specifically informed as to the contents of the indictment, then it would be your privilege as well as your duty to read the indictment for yourselves."

The court charged further that "[t]he burden of proof is on the State to prove every material allegation in [the] indictment" beyond a reasonable doubt. "While it certainly would have been preferable for the trial court to 'return to the allegation contained in the indictment' following the giving of the general Code section in its entirety, the failure to do so in the instant case was not likely to mislead the jury into believing it could convict appellant[s] should they find the evidence supported a form of [trafficking] not specified in the indictment." *Slack v. State,* 159 Ga. App. 185, 188 (2) (283 SE2d 64) (1981). There was evidence of the actual sale of the statutory amount of cocaine which would have supported a conviction of trafficking under OCGA § 16-13-31 (a) (1); however, we conclude the charge was nonetheless not harmful because illegal possession is included in the crime illegal sale. *State v. Estevez,* 232 Ga. 316 (1) (206 SE2d 475) (1974). Thus, a finding by the jury of the sale of cocaine would have implicitly been a finding of possession as charged in the indictment. See *Merritt v. State,* 201 Ga. App. 150 (2) (410 SE2d 349) (1991). We conclude, therefore, that the inclusion of certain language of the applicable Code section which was not pertinent to Count Two of the indictment was not reversible error. See *Slack,* supra at 188-189; *Searcy v. State,* 168 Ga. App. 233 (1) (308 SE2d 621) (1983). "Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as . . . precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. [Cit.]" (Citations and punctuation omitted.) *Griffin v. State,* 199 Ga. App. 646 (3b) (405 SE2d 877) (1991).

2. Appellants contend the trial court erred in not giving a jury charge on constructive possession and joint possession as elements of the offense of trafficking in cocaine. The record shows the following facts relevant to this enumeration: One week after a GBI agent was sold cocaine by appellants, the agent arranged another purchase from appellants which took place in appellant Sullivan's home. The agent testified that he told appellants that he wanted to purchase $2,000 worth of cocaine; that he then sat down at a coffee table with appellant Rutledge and counted out 13 pieces of rock cocaine which he combined with 87 pieces given to him by Sullivan; and that he gave appellants $2,000 which they counted and divided equally between

themselves. When combined, the 100 pieces cocaine had a weight of 28.1 grams and a purity of 84.6 percent and comprised the evidence supporting the trafficking charge.

As we discussed in Division 1, the trial court charged the jury that each element of the offenses charged in the indictment must be proven beyond a reasonable doubt. "We need not determine whether the court should have charged on [joint] and constructive possession because appellant[s] made no request for such a charge. 'Absent a written request to charge more fully on (possession), the charge as given was sufficient. Upright and intelligent jurors would have no difficulty in understanding the meaning of a simple word like ("possession"), and no detailed definition need be given.' [Cit.]" *Donaldson v. State,* 180 Ga. App. 879 (1) (350 SE2d 849) (1986). Moreover, unlike the scenario in *Ancrum,* supra, cited by appellants, where the cocaine was discovered under a seat in a van which was accessible to all the defendants, in the instant case the cocaine was in appellants' actual possession (see *Ancrum,* supra at 822, actual possession defined as " ' "direct physical control over a thing at a given time" ' "), and the sale comprised one transaction to which both appellants contributed and shared in its proceeds equally. Hence, there was no error in the court's failure to charge on constructive and joint possession.

3. Appellants also contend the trial court erred in failing to require the disclosure of the identity of a confidential informant. The confidential informant was identified at trial as someone with knowledge of suspected drug dealers who was willing to provide the agent with information of the drug activity in McIntosh County. The evidence shows with regard to the first sale of cocaine to the agent, the agent went to appellant Sullivan's nightclub alone after the informant had communicated to appellants that he was aware of an individual desirous of purchasing cocaine. After the first transaction, Sullivan gave the agent his business card and instructed the agent to call him to obtain more cocaine in the future. Although the informant accompanied the agent to the second purchase in Sullivan's home, there is no evidence that he had a role in the transaction, other than as an observer. In our view, the evidence establishes that the informant was just that, an informer and not a "decoy" (*Statiras v. State,* 170 Ga. App. 739, 740 (318 SE2d 156) (1984)); therefore, the trial court did not err in refusing to require the disclosure of his identity. Disclosure under OCGA § 24-9-27 " ' "rests in the discretion of the trial judge, balancing the rights of the defendant and the rights of the state under all the facts and circumstances." (Cit.) . . . We find no abuse of the court's discretion under the facts and circumstances of this case.' [Cit.]" Id.

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MAY 19, 1992.

*Lane, Tucker & Crowe, Grayson P. Lane,* for appellant (case no. A92A0032).

*White & Draffin, Thomas H. Draffin,* for appellant (case no. A92A0033).

James Rutledge, *pro se.*

*Dupont K. Cheney, District Attorney, Lisa M. Young, Assistant District Attorney,* for appellee.