A95A1127. WAUGH v. THE STATE.
(460 SE2d 871)

SMITH, Judge.

Eric Duane Waugh was found guilty by a jury on charges of carrying a pistol without a license, OCGA § 16-11-129, and possession of a firearm by a convicted felon, OCGA § 16-11-131. He appeals his conviction following the denial of his motion for new trial.

1. Waugh raises the general grounds, asserting that the evidence presented at trial was sufficient only to raise a suspicion of guilt and not to exclude every other reasonable hypothesis. We do not agree.

The evidence presented at trial showed that Waugh was convicted in 1991 of felony murder. Although he was under 17 at the time, he was tried as an adult and sentenced to life in prison. Physical control and custody of Waugh, however, was vested in the Department of Children & Youth Services until he turned 17. When Waugh turned 17, instead of entering the State correctional system, he was granted an educational reprieve from his sentence that allowed him to attend a private school in South Carolina.

In March 1993, Waugh returned from that school to his home in Douglas County on spring break. On the evening of March 16, 1993, Waugh and two friends, Seth Schuber and Matt Betts, visited the apartment of Schuber's former girl friend, Brandi Smith, with Schuber driving them in a car that belonged to his father. They had been drinking beer and carried several beers with them into Smith's apartment. When they arrived, Brandi's date, Jason King, was present. Although the visit began pleasantly, Schuber and Smith soon began arguing. Schuber threw a beer at Smith, the argument escalated, and the guests decided to leave. The dispute carried over into the parking lot and soon included King and Waugh.

There is no dispute that a pistol was produced by either Schuber or Waugh at some point in the parking lot. It is clear that the gun was one that Schuber's father kept in the car. According to Waugh, Schuber had the gun in the back of his waistband when they went up to Smith's apartment. Waugh testified that Schuber "pulled" the gun from his waistband in the parking lot and that because it appeared that Schuber was preparing to fight with King, he intervened to prevent trouble. He took Schuber by the arm, relieved him of the gun, and tossed it in the car. Waugh's version of the incident was corroborated by Betts and Schuber. Smith and King, however, testified they saw the gun in Waugh's waistband earlier while still in Smith's apartment. They stated that while leaning against the wall, Waugh lifted his shirt several times to reveal the gun, which was tucked into his own waistband.

Waugh, who was 18 years old at the time of the incident, was arrested about a week later. After receiving *Miranda* warnings, he agreed to an interview, which was tape recorded. A *Jackson/Denno* hearing was held to determine the admissibility of the tape recorded interview. The trial court concluded that statements made by Waugh were freely and voluntarily given, and the tape was subsequently played for the jury. During the interview, Waugh was asked by Detective Sergeant Jeff Hayes of the Douglas County Sheriff's Department whether he had possessed a firearm on the date in question. Waugh admitted that he did; he said it did not belong to him but conceded that he was "holding it for someone."

We find this evidence sufficient to authorize the jury to find Waugh, a convicted felon, guilty of possessing a firearm under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Given that OCGA § 16-11-129 (b) (1) provides that no license to carry a pistol shall be issued to any person under 21 years of age, the evidence was also sufficient to authorize the jury to find Waugh guilty of carrying a pistol without a license.

. 2. Waugh asserts error surrounding the introduction of evidence concerning his prior felony conviction. He concedes that proving the prior conviction was a necessary element of the State's case on one of the charged crimes. He contends, however, that the trial court erred in failing to give the instruction he requested limiting the jury's consideration of his prior conviction for felony murder. We do not agree.

Waugh repeatedly asked the trial court to give an instruction similar to that recommended in *Head v. State*, 253 Ga. 429 (322 SE2d 228) (1984), advising the jury that "the only purpose for which they are permitted to receive evidence of prior convictions is relative to the charge of possession. . . ." Id. at 432 (3) (d). *Head*, however, addresses a situation in which a more serious charge is tried with the weapons charge, and the introduction of proof of prior convictions

may prejudice the jury's unbiased consideration of the defendant's guilt on the more serious charge. The charge recommended in *Head* instructs the jury not to consider the evidence of prior convictions necessary to prove the weapons charge when determining guilt or innocence on the more serious charge.

In this case, the jury was not asked to determine guilt or innocence on a more serious charge. The trial court correctly concluded that the "limiting" charge requested by Waugh was not applicable or necessary and would confuse the jury.

Waugh argues that the "limiting" charge was necessary because the jury could consider that evidence of Waugh's conviction impeached his testimony, particularly in light of the trial court's charge on impeachment. The trial court did give a standard charge on impeachment. Contrary to Waugh's argument, however, it was not necessarily directed at *Waugh's* prior conviction. Defense counsel herself attempted to impeach the witness King by cross-examining him regarding a prior conviction for "fighting." The trial court properly ruled that this was not a crime involving moral turpitude and could not be used to impeach the witness. *Syfrett v. State*, 210 Ga. App. 185, 187 (4) (435 SE2d 470) (1993). Since the jury heard defense counsel's reference to King's prior conviction, the charge on proper methods of impeachment was necessary. The evidence did not, however, necessitate the "limiting" instruction requested by Waugh. We find no error.

3. Waugh maintains the trial court's refusal to give his request to charge on justification was reversible error. We do not agree.

The charge requested is taken from *Little v. State*, 195 Ga. App. 130 (392 SE2d 896) (1990), a case involving possession of a firearm by a convicted felon, in which we held that failure to give such a charge was reversible error. Although *Little* does not constitute binding precedent because only two judges concurred, the requested charge appears to be a correct statement of the law. In *Little*, no charge was given on justification, which was the sole defense. In this case, however, the trial court gave a standard charge on justification. It is not necessary to give the exact language of the requested charge if the same principle is fairly covered. *Radford v. State*, 202 Ga. App. 532, 534 (1) (415 SE2d 34) (1992). Moreover, "justification" was not Waugh's sole defense; he also claimed he did not actually "possess" the gun.

4. Waugh contends the trial court erred in charging the jury on the definitions of constructive and joint possession. Citing *Donaldson v. State*, 180 Ga. App. 879 (350 SE2d 849) (1986), and *Wilson v. Zant*, 249 Ga. 373 (290 SE2d 442) (1982), he argues that actual possession is a necessary element of the crime embodied in OCGA § 16-11-131. Waugh misconstrues these cases. The discussion in *Donaldson* and

*Wilson* cited by Waugh did not involve OCGA § 16-11-131 but rather the offense of possessing a firearm during the commission of certain felonies, OCGA § 16-11-106. The latter statute states that to be found guilty of the crime, the weapon must be "on or within arm's reach of [the] person," OCGA § 16-11-106 (b). In contrast, the statute setting forth the crime with which Waugh was charged, OCGA § 16-11-131 (b), states that a felon who "receives, possesses, or transports any firearm commits a felony." To enable the jury to consider whether Waugh "possessed" the firearm within the meaning of the statute, the trial court correctly instructed them on the definitions of the various forms of possession.

5. Waugh asserts that by questioning him and other defense witnesses regarding underage drinking, firearms, and other matters, the State impermissibly placed his character in issue and used improper impeachment methods.

With respect to several of the claims of error raised by Waugh in this enumeration, no proper objection was made below, and review of the alleged error is foreclosed. Because this is a court for review and correction of error, we cannot consider objections to evidence different from those raised at trial. *Walls v. State*, 204 Ga. App. 348, 349 (2) (419 SE2d 344) (1992).

As to those alleged errors properly preserved, "[t]here are numerous instances where the state may properly offer evidence that the defendant has committed prior crimes for a purpose other than to show the defendant is a person of bad character. [Cits.] The fact that such evidence may reflect adversely on the defendant does not place his character 'in issue' within the meaning of OCGA § 24-9-20 (b). [Cits.]" *Jones v. State*, 257 Ga. 753, 759 (1) (c) (363 SE2d 529) (1988). Evidence about Waugh's educational reprieve was introduced by the State for the purpose of clarifying to the jury Waugh's status as a still-convicted felon, despite his presence on the streets of Douglas County rather than in the State prison system. It was therefore relevant and admissible. See generally *Toth v. State*, 213 Ga. App. 247, 250 (4) (444 SE2d 159) (1994). Much of the other evidence challenged by Waugh concerned acts and circumstances surrounding his possession of the gun, and it constituted res gestae. See *Dean v. State*, 211 Ga. App. 28, 31-32 (4) (438 SE2d 380) (1993).

6. Because direct evidence was introduced that Waugh possessed the gun, was a convicted felon, and had no permit, a charge on circumstantial evidence was not necessary.

7. We have carefully reviewed Waugh's remaining enumerations of error and have found them to be meritless.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED AUGUST 1, 1995.

*Jill L. Anderson, Elizabeth A. Geoffroy*, for appellant.
*David McDade, District Attorney*, for appellee.