## A97A1770. EDMOND v. THE STATE.
(492 SE2d 583)

Judge Harold R. Banke.

Darrell Edmond was convicted of violation of the Georgia Controlled Substances Act and possession of a drug related object. He enumerates two errors on appeal, challenging the trial court's failure to charge on actual and constructive possession and the effectiveness of counsel.

This case arose after the arresting officer received reports of a stolen car and an ensuing fight between the complainant and the alleged thief. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). At the scene, the officer encountered Edmond kneeling on the ground with three individuals standing around him. The officer arrested Edmond for auto theft and placed him in the patrol car. He then completed his report and transported Edmond to the county jail. On the way, the officer noticed Edmond moving around. Once Edmond exited the car, the officer searched it and found a crack pipe under the back seat. Subsequent analysis revealed cocaine residue on the pipe. *Held*:

1. We reject Edmond's contention that the trial court's failure to give unrequested charges on actual and constructive possession requires reversal. Generally, OCGA § 5-5-24 (b) imposes a duty upon criminal defendants to request any desired jury instructions. This duty dissipates only " 'in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence.' [Cit.]" *Westfall v. State*, 185 Ga. App. 687, 688 (3) (365 SE2d 527) (1988).

Here, the evidence showed that the arresting officer had searched his car prior to coming on duty and Edmond was his first arrest. Further, another officer remained next to the patrol car after Edmond's apprehension while the arresting officer investigated the incident. Under these circumstances, the unrequested charges were not necessary in order to provide the proper guidelines for the verdict. *Sullivan v. State*, 204 Ga. App. 274, 276 (2) (418 SE2d 807) (1992); compare *Ancrum v. State*, 197 Ga. App. 819, 822 (2) (399 SE2d 574) (1990) (reversing for refusal to give requested possession charge where contraband was found under a seat accessible to several defendants).

2. We reject Edmond's contention that his trial counsel was ineffective for allowing the admission of his booking photograph. The photograph was admitted to discredit any argument that Edmond had rolled around in the back seat due to injuries. See *O'Toole v. State*, 258 Ga. 614, 615-616 (2) (373 SE2d 12) (1988). Because the

record shows that the jury was told the photograph was taken the night of Edmond's arrest, the photograph's admission did not suggest that Edmond was guilty of any previous crime or otherwise inflame the jury. *Blige v. State*, 208 Ga. App. 851, 853 (4) (432 SE2d 574) (1993); *Farmer v. State*, 180 Ga. App. 720, 721 (2) (350 SE2d 583) (1986).

We likewise reject Edmond's claims that the failure to request jury charges on equal access, possession and constructive possession constituted ineffectiveness. Because the evidence did not support the equal access charge, counsel was not deficient in failing to request it. As to the possession instructions, we held in Division 1 that the failure to give the charges, even if requested, would not have constituted reversible error. In the absence of a deficiency, Edmond cannot establish ineffectiveness. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 2, 1997.

*Danny W. Crabbe*, for appellant.
*Tambra P. Colston, District Attorney, Leigh E. Patterson, Assistant District Attorney*, for appellee.