S97A1307, S97A1337. MORAN v. THE STATE (two cases).
(493 SE2d 126)

SEARS, Justice.

The appellant, Rodolfo Moran, was convicted of trafficking in cocaine, and was sentenced to 25 years in prison and fined

$1,000,000.[1] In Case No. S97A1337, Moran appeals from his conviction, contending, among other things, that the trial court erred in failing to charge on constructive possession. Pretermitting whether the trial court erred in failing to give such a charge, we conclude that if any error did occur, it was harmless under the circumstances of this case. Further, we find no merit to Moran's other contentions and affirm his conviction. In Case No. S97A1307, Moran attacks the constitutionality of OCGA § 17-6-1 (g), which provides, in relevant part, that

> [n]o appeal bond shall be granted to any person convicted of murder, rape, aggravated sodomy, armed robbery, aggravated child molestation, kidnapping, trafficking in cocaine or marijuana, aggravated stalking, or aircraft hijacking and who has been sentenced to serve a period of incarceration of seven years or more.

The trial court denied bond, and ruled that § 17-6-1 (g) is constitutional. We conclude that the statute is constitutional, and affirm the trial court's ruling in Case No. S97A1307.

On September 14, 1994, Officer Scott Whitwell of the Henry County Police Department began following and observing a vehicle that was traveling I-75 northbound. He testified that he saw the vehicle change from the center lane to the right lane without signaling, and then twice cross into the emergency lane and come back into the right lane. Officer Whitwell activated his blue light and pulled the car over. The driver of the car was Armando Rodriguez and the passenger was Moran.

Rodriguez told the officer that his driver's license had been suspended in Florida and that the car belonged to Moran. Moran produced a driver's license and documents showing that the car belonged to him. According to Officer Whitwell, Moran acted

---

[1] The crime occurred on September 14, 1994. Moran was tried on June 17 and 18, 1996. The jury returned its verdict of guilty on June 18. Moran filed a motion for new trial on July 1, 1996; a motion for supersedeas bond pending appeal on July 1, 1996; and a motion to declare unconstitutional the relevant portion of our appeal bond statute, OCGA § 17-6-1 (g). On August 29, 1996, the trial court denied Moran's motion to declare the appeal bond statute unconstitutional, and denied Moran's request for an appeal bond. Moran then sought to appeal that order, filing a notice of appeal to the Court of Appeals on September 19, 1996. On December 16, 1996, the court reporter certified the trial transcript, and on December 17, Moran filed an amended motion for new trial. On December 20, the trial court denied Moran's motion for new trial, as amended. Moran filed a notice of appeal to the Court of Appeals on January 13, 1997. On May 2, 1997, the Court of Appeals transferred the appeal from the appeal bond order to this Court. On May 8, the Court of Appeals transferred Moran's appeal from his conviction to this Court. On June 2, 1997, Moran filed his brief, and on June 19, 1997, the State filed its brief. The appeal was submitted for decision without oral arguments on June 30, 1997.

extremely nervous. Whitwell testified that Moran's voice was cracking, that his hands were shaking, and that he had a steady twitch in one of his neck muscles. Officer Whitwell attempted to run Rodriguez's license through the Florida computer files, but the Florida computer system was down. Whitwell then explained to Rodriguez that, although his offense was one for which he could be arrested, he was merely going to issue him a citation. Officer Whitwell told Moran and Rodriguez that Moran would have to drive the vehicle. Whitwell then asked Rodriguez and Moran if they would consent to a search of the vehicle for any illegal narcotics. Officer Whitwell testified that Rodriguez said, "I don't mind," and that Moran said, "Sure, go ahead. I know you're just doing your job." Both Moran and Rodriguez testified at trial that they did not give Officer Whitwell consent to search the vehicle.

Officer Whitwell began to search the car and smelled an odor of axle grease inside the car. He testified that from his experience, he knew that axle grease sometimes was used to mask the odor of narcotics. Officer Whitwell retrieved his drug dog from the patrol vehicle. The dog first alerted to an area on the right rear fender well, and then, when placed inside the trunk, he alerted to the right front portion of the trunk. Upon searching, the officer found a hidden compartment under the right rear armrest containing a kilo package of cocaine, and a duplicate compartment on the other side of the car containing a similar kilo package of cocaine, as well as two money bags containing $1,500 cash and a key to a safe deposit box. Moran and Rodriguez were placed under arrest. According to Officer Whitwell, he informed Moran and Rodriguez of their *Miranda* rights. He testified that he then asked Moran if the money bags belonged to him, and that Moran stated that they did. According to Whitwell, he then told Moran and Rodriguez that he was going to search the car some more, but that Moran told him that there were just two kilos in the car.

At trial, Moran testified that the car belonged to him, but that he did not know it had hidden compartments. He also stated that he did not know the cocaine was in the vehicle, and that Rodriguez placed the drugs in the car without his knowledge or consent.

Before Moran's trial, Rodriguez pled guilty (apparently to trafficking in cocaine) and was sentenced. At Moran's trial, Rodriguez testified for the defense that he had borrowed Moran's car about a week before the arrest, and had been using it since that time. He further testified that he put the cocaine and money bags in the car, and that Moran knew nothing about it.

1. Contrary to Moran's contentions in his fourth, fifth, sixth, and seventh enumerations of error, we conclude that the evidence was sufficient for a rational trier of fact to find Moran guilty of trafficking

in cocaine beyond a reasonable doubt.[2]

2. In his first enumeration of error, Moran contends that the trial court erred by failing to charge the jury on the definitions of actual and constructive possession.[3] Pretermitting whether the failure to give the charge was error,[4] we conclude that if any error did occur, it was harmless. The State presented evidence,[5] which, if found credible by the jury, would establish overwhelmingly that Moran either actually or constructively possessed the cocaine. Moran, on the other hand, denied knowing of or possessing the cocaine at all, testifying that Rodriguez was the only person who knew of the cocaine and the only person who possessed it. Thus, the controlling issue in this case did not concern some nuance regarding possession, but whether the jury would believe the State's witnesses or Moran and Rodriguez. For this reason, and because the trial court charged that the jury had to find beyond a reasonable doubt that Moran knowingly possessed the cocaine, we conclude that any additional charge on actual and constructive possession would not have benefitted Moran, and that the failure to give such a charge was harmless under these circumstances.

3. Moreover, we find that Moran's remaining contentions in Case No. S97A1337 present no error.[6]

4. In Case No. S97A1307, Moran contends that the appeal bond statute violates equal protection because it denies the right to an appeal bond only to those defendants who have been sentenced to seven years or more, and because, according to Moran, that classification is not rationally related to any legitimate state interest. This

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988).

[4] Compare *Sullivan v. State*, 204 Ga. App. 274 (2) (418 SE2d 807) (1992) (where the trial court charged that the defendant had to knowingly possess the cocaine, and where the evidence showed that the defendant had actual possession of the cocaine, the issue of possession was adequately presented to the jury even though the trial court did not charge on actual and constructive possession), with *Ancrum v. State*, 197 Ga. App. 819 (399 SE2d 574) (1990) (where the cocaine was found under the front seat of a van in which three people were riding, and where all three were tried together, and two of the defendants denied having any knowledge of the cocaine, the trial court's failure to charge on actual and constructive possession was harmful error).

[5] This evidence included evidence that Moran was a passenger in his own car at the time of the stop; that Moran admitted owning the two money bags found with the cocaine; and that Moran told Officer Whitwell that no further search was necessary because only two kilos of cocaine were in the car.

[6] These contentions are that the trial court erred in denying Moran's motion to suppress; that the trial court erred in ruling that the statements that Moran made to Officer Whitwell were admissible; that the State did not adequately prove that Moran possessed more than twenty-eight grams of a mixture with a purity of ten percent or more of cocaine because the State's expert tested only a small sample of the mixture and not all of it; and that the trial court erred in permitting the State to introduce photographs after the State had rested its case.

contention, however, is controlled adversely to Moran by *Browning v. State*.[7] In *Browning*, the defendant had been convicted of armed robbery and kidnapping, and had been denied appeal bond under then OCGA § 17-6-1 (d), now § 17-6-1 (g). Browning contended that the denial of appeal bond to defendants sentenced to more than seven years violated equal protection. We held, however, that the classification is rationally related to two legitimate state interests.[8] Because the reasoning of *Browning* applies with equal force to this case, we conclude that the trial court did not err in ruling that § 17-6-1 (g) is constitutional.

*Judgments affirmed in Case Nos. S97A1307 and S97A1337. All the Justices concur.*

DECIDED NOVEMBER 3, 1997 —
RECONSIDERATION DENIED DECEMBER 19, 1997.

*Joseph M. Todd,* for appellant.
*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney,* for appellee.

---

[7] 254 Ga. 478, 479-480 (2) (a) (330 SE2d 879) (1985).

[8] Id. at 480 (we held that the classification promotes public confidence in the judicial system by prohibiting persons given longer sentences for serious crimes from returning to the community pending appeal, and that it is rationally related to the legitimate objective of assuring that such defendants will not flee pending the outcome of their appeal).