A06A1977. GARVIN v. THE STATE.
(641 SE2d 176)

SMITH, Presiding Judge.

Following the denial of Dyron Garvin's motion to suppress, a jury found him guilty of trafficking in cocaine. On appeal, Garvin contends that (1) the evidence was insufficient to sustain his conviction, (2) his trial counsel was ineffective, and (3) the trial court erred in denying his motion to suppress. Having reviewed the record, we find no error and affirm.

1. Garvin contends that the evidence was insufficient to sustain his conviction. We disagree. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State,* 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but determine only if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in the light most favorable to the verdict, the evidence showed that an officer stopped a vehicle that he noticed weaving over

---

the centerline. The driver of the vehicle, Garvin, provided the officer with his driver's license and registration. The officer discovered that Garvin's license had been suspended and informed Garvin that although he could no longer drive, his passenger could. After the officer returned the license, he shook Garvin's hand and told him to "have a good night."

As Garvin walked away, the officer asked to speak with him. After explaining to Garvin that there was a problem in the area with guns and drugs, the officer asked Garvin for permission to search the vehicle. Garvin refused consent. The officer then asked Garvin if his partner could walk a drug-sniffing dog around the car, and Garvin responded, "Sure." The dog first alerted on the ground just outside the passenger door, where an officer found a bag containing marijuana. The dog then alerted on the passenger door. Following a search, officers found more than 43 grams of cocaine under the hood of the vehicle. Garvin and his passenger were then arrested.

This evidence was sufficient for a rational trier of fact to find Garvin guilty of trafficking in cocaine. See *Moran v. State*, 268 Ga. 816, 818-819 (1) (493 SE2d 126) (1997); OCGA § 16-13-31 (a) (1).

2. Garvin argues that the trial court erred in denying his motion to suppress the cocaine.

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citations and punctuation omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

Garvin contends that because the stop had concluded, the officer did not have probable cause to search the vehicle. "Without suspecting criminal activity, an officer may obtain consent to search a vehicle after a traffic stop is concluded." (Citation omitted.) *Perez v. State*, 280 Ga. App. 241, 243 (633 SE2d 572) (2006). Here, immediately after telling Garvin to "have a good night," the officer asked for consent to search (which Garvin refused to give) and then immediately asked for consent to conduct a free air search around the vehicle. Garvin then gave the officer consent for the free air search. See *Boggs v. State*, 194 Ga. App. 264 (390 SE2d 423) (1990). Once the drug dog alerted to the presence of contraband, "the officer then had probable cause to

believe that contraband was contained somewhere therein." Id. The trial court therefore did not err in denying Garvin's motion to suppress.

3. Finally, Garvin contends that trial counsel was ineffective in failing to prepare adequately for trial and to object or timely move for a mistrial during the State's closing arguments. He argues further that trial counsel was ineffective because of the conflict in also representing his co-defendant at trial. To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficiency so prejudiced him that a reasonable likelihood exists that but for counsel's deficiency, the outcome of the trial would have been different. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

(a) Garvin first argues that his trial counsel was ineffective in representing both Garvin and his co-defendant Ricki Roberts.

> [A] defendant who raised no objection at trial (as is true in this case) must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. Until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance. Where the contention is only the possibility of conflict, this is insufficient to impugn a criminal conviction.

(Citations and punctuation omitted.) *Barnes v. State,* 160 Ga. App. 232, 232-233 (286 SE2d 519) (1981).

Garvin argues that trial counsel was prevented from calling character witnesses for fear of hurting Roberts's defense. He also points out that although he had no criminal record, Roberts had been previously convicted of a crime. At the hearing on the motion for new trial, counsel testified that it is not his practice to call character witnesses. And "[d]ecisions about which witnesses to call are a matter of trial strategy." (Citation and punctuation omitted.) *Reddick v. State,* 264 Ga. App. 487, 500 (12) (d) (591 SE2d 392) (2003).

Garvin argues further that by representing both Garvin and Roberts, trial counsel was prevented from informing the jury that Roberts helped to obtain the rental car in which the cocaine was found. Trial counsel testified that had he represented only Garvin, he would have brought up the fact that Roberts's relative rented the vehicle. This did not prejudice Garvin, however, because the record reveals that the defense theory was that neither Garvin nor Roberts rented the vehicle and that it was rented by a third party. Counsel therefore did not "slight the defense of one defendant for another." (Citations and punctuation omitted.) *Barnes,* supra, 160 Ga. App. at

233. "A mere possibility of conflict is insufficient to impugn a criminal conviction amply supported by competent evidence." (Citations and punctuation omitted.) Id.

(b) Next, Garvin argues that trial counsel was not adequately prepared for trial.

He contends that he was harmed by trial counsel's failure to request jury instructions on bare suspicion, mere presence, equal access, and guilt and innocence, and he points out that counsel failed to file written requests to charge and instead submitted to the court only the table of contents of the suggested pattern instructions. Here, the trial court instructed the jury on the State's burden of proving each element of the crime beyond a reasonable doubt, the jury's burden to acquit if the State failed to meet this burden, the presumption of innocence, the jury's duty to resolve the credibility of witnesses, and the difference between direct and circumstantial evidence. Not only did the charge adequately explain guilt and innocence, but it also adequately explained the principles contained in charges on mere presence, see *Whiting v. State*, 269 Ga. 750, 752 (2) (a) (506 SE2d 846) (1998), and bare suspicion, see *New v. State*, 270 Ga. App. 341, 345 (2) (a) (606 SE2d 865) (2004).

Moreover, we have held that "[i]n the absence of a charge to the jury as to the presumption of possession or its equivalent, it is not error to fail to charge on equal access where the charge as a whole substantially and adequately covers the principles contained in an equal access instruction." (Citations and punctuation omitted.) *Johnson v. State*, 279 Ga. App. 98, 101 (2) (d) (630 SE2d 612) (1998). Here, the trial court's charge to the jury as a whole adequately covered the principles contained in an equal access charge. See id. In any case, Garvin has failed to show that the outcome of the trial would have been different had the trial court given these instructions.

Garvin argues further that trial counsel was inadequately prepared because he failed to spend a sufficient amount of time with Garvin prior to trial. Trial counsel testified that although he could not recall how many times he met with Garvin and Roberts, he did recall that he had talked to both clients on several occasions, engaged in the necessary discovery and research, and was prepared for trial. "[T]here exists no magic amount of time which counsel must spend in actual conference with his client." (Citation, punctuation and footnote omitted.) *Millsap v. State*, 275 Ga. App. 732, 736 (3) (d) (621 SE2d 837) (2005). And "[b]ased on trial counsel's testimony, the trial court was authorized to resolve this dispute in favor of the state and find that [Garvin] failed to carry his burden of showing that the consultation was deficient." (Citation and footnote omitted.) Id.

(c) Garvin makes three contentions with respect to the prosecutor's closing argument.

He argues that trial counsel failed to object when the prosecutor commented to the jury that Garvin "denie[d] the officer the right to search the vehicle." He contends that this gave the jury the impression that he "was doing something wrong by denying the deputy his right to search the vehicle" when the deputy had no right to search at the time he asked Garvin for consent. The record reveals, however, that the prosecutor's comment was substantially correct — when the officer asked Garvin for consent to search, he refused. And as explained in Division 2, although Garvin refused consent to search, he agreed to allow a free air search of his vehicle, which then provided officers with probable cause to search.

During closing argument, the prosecutor commented that Garvin's son did not come to court and testify that Garvin was on his way home from visiting the son when he was stopped by police. Garvin complains that trial counsel's motion for mistrial, made after the court's charge to the jury, was untimely. But the trial court denied the motion for mistrial and Garvin has failed to show how moving for mistrial earlier, during the State's closing argument, would have resulted in a favorable ruling thereby changing the outcome of the case.

Garvin argues further that trial counsel was ineffective for failing to object to the State's comment during closing argument that a fingerprint becomes illegible if your finger "moves even a fraction of a millimeter," without expert testimony or a proper foundation. "As a general rule, prosecutors are granted wide latitude in conducting closing argument, and defining the bounds of such argument is within the trial court's discretion." (Citation and punctuation omitted.) *Young v. State*, 272 Ga. App. 304, 312 (4) (e) (612 SE2d 118) (2005). Even if this comment is deemed improper, it was not so prejudicial to Garvin's defense that the outcome would have been different had counsel objected. See, e.g., *Grady v. State*, 212 Ga. App. 118, 119 (2) (441 SE2d 253) (1994).

Because Garvin has failed to show either that his trial counsel was deficient or that but for any alleged deficiency the outcome of his trial would have been different, his claims of ineffective assistance fail.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED DECEMBER 13, 2006 —
RECONSIDERATION DENIED JANUARY 9, 2007 —

*Rodney E. Davis*, for appellant.

*Tom Durden, District Attorney, Cris E. Schneider, Assistant District Attorney*, for appellee.