## A89A1744. LITTLE v. THE STATE.

(392 SE2d 896)

CARLEY, Chief Judge.

Appellant was tried by a jury and found guilty of possession of a firearm by a convicted felon, in violation of OCGA § 16-11-131 (b). The trial court entered judgment of conviction and sentence on the jury's verdict, and appellant appeals.

Appellant's sole defense was justification. See OCGA § 16-3-20. His wife testified that she owned the weapon and, unknown to appellant, had placed it in the glove compartment of his truck because she was going to get it repaired. Appellant stated that when his children opened the "dash," he saw the weapon and put it in his pocket because he feared they would play with it and be injured. He was then stopped for a license check, and the weapon was discovered.

Appellant requested the following charge: "[W]hen a felon is in imminent peril of great bodily harm or reasonably believes himself or others to be in such danger, and with preconceived design on his part a firearm is made available to him, his temporary possession of that weapon for a period no longer than that in which the necessity or apparent necessity to use it continues does not violate the statutory prohibition against possession of a concealed firearm by a felon." This request, based on *People v. King*, 582 P2d 1000 (22 Cal. 3d 12, 148 Cal. Rptr. 409) (1978), was refused by the court. See also Annot., 39 ALR4th 967 (1985). This refusal is enumerated as error.

Justification is a defense to possession of a firearm by a convicted felon. "OCGA § 16-3-20 plainly states that justification is a defense to the prosecution for any crime." *Smith v. State*, 257 Ga. 468, 469 (3) (360 SE2d 591) (1987). See *Pickett v. State*, 123 Ga. App. 1 (1) (179 SE2d 303) (1970); *Harris v. State*, 15 Ga. App. 315 (85 SE 813) (1914).

"While the request to charge may have been . . . verbose and imperfect in form, which would not require the written request to be given verbatim, yet the accused was entitled to a charge as to the only defense which he claimed, and when the court refused to [so] charge . . . , and charged merely the language of [OCGA § 16-11-131], this was tantamount to a direction of a verdict, requiring a reversal on this ground alone." *Pickett v. State*, supra at 2 (1).

*Judgment reversed. Beasley, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED MARCH 15, 1990 —
REHEARING DISMISSED MARCH 28, 1990.

*Albert C. Palmour, Jr.*, for appellant.

*Ralph Van Pelt, Jr., District Attorney, Susan Sarratt, John L. O'Dell, Assistant District Attorneys,* for appellee.