A03A0268. STANFORD v. THE STATE.
(576 SE2d 594)

BLACKBURN, Presiding Judge.

Following his convictions by a jury of possession of a firearm by a convicted felon, carrying a pistol without a license, and carrying a concealed weapon, Larry Stanford appeals, arguing that the trial court erred in denying his request for a jury charge on justification. Finding no merit to his argument, we affirm.

Viewed in the light most favorable to the verdict, the record shows that on October 4, 1998, at approximately 3:30 a.m., Sergeant

---

James Stewart and Officer Mike Bailey responded to a "shots fired" call. Arriving on the scene, Stewart encountered Stanford and another individual, who fled. Stewart approached Stanford and asked if he had a weapon. When Stanford did not reply, Stewart did a pat-down search and found a .38 revolver in Stanford's waistband. An examination revealed two live rounds and four spent rounds in the handgun. Another spent round was found in Stanford's pocket.

At trial, Stanford took the stand and testified that the handgun belonged to a neighbor who lived a few blocks from him, that the handgun had been left at his house, and that, at the time he was stopped by the police, he was returning the gun to its owner. Stanford said that he wanted to get the gun away from his house because he had friends around his house who were very young.

At the charge conference, Stanford requested that the judge charge the jury on justification. OCGA § 16-3-20 provides: "The fact that a person's conduct is justified is a defense to prosecution for any crime based on that conduct," and then sets forth various circumstances in which the defense of justification can be claimed.

"Justification is a defense to possession of a firearm by a convicted felon." *Little v. State*.[1] However, "[w]hile the trial court must charge the jury on a defendant's sole defense, even in the absence of a written request, if there is some evidence to support the charge, we find absolutely no evidence in the present case to authorize a charge on . . . the law of justification under OCGA § 16-3-20." (Citation omitted.) *Williams v. State*.[2] See also *Bowden v. State*.[3] Stanford was not acting in defense of self, others, or habitation, nor was his conduct justified under any of the other circumstances enumerated in subsections (1) through (6) of OCGA § 16-3-20. No necessity or emergency required him to return a handgun to a neighbor in the darkness of the pre-dawn hours. Accordingly, the trial court did not err in refusing Stanford's request to charge on justification. *Taylor v. State*.[4]

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED JANUARY 10, 2003.

*Sullivan, Sturdivant & Ogletree, Harold A. Sturdivant, Michele W. Ogletree*, for appellant.

[1] *Little v. State*, 195 Ga. App. 130 (392 SE2d 896) (1990).
[2] *Williams v. State*, 267 Ga. 771, 774 (2) (c) (482 SE2d 288) (1997).
[3] *Bowden v. State*, 270 Ga. 19, 20 (3) (504 SE2d 699) (1998).
[4] *Taylor v. State*, 180 Ga. App. 200, 201 (3) (348 SE2d 582) (1986).

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney,* for appellee.