A05A0808. ALLEN v. THE STATE.
(611 SE2d 697)

ELLINGTON, Judge.

An Elbert County jury found Bobby Joe Allen guilty of possession of cocaine, OCGA § 16-13-31, possession of marijuana (misdemeanor), OCGA § 16-13-2 (b), and forgery in the second degree, OCGA § 16-9-2. Allen challenges the denial of his motion for new trial, contending he received ineffective assistance of trial counsel, that he was denied an evidentiary hearing on his request for a psychological evaluation, and that the evidence adduced was insufficient to support his forgery conviction. Finding no reversible error, we affirm.

Viewed in the light most favorable to the verdict,[1] the record reveals the following evidence. On July 25, 1997, a medical doctor treated Allen for back pain and wrote him a prescription for a ten-day supply of Lortab, a controlled narcotic available only by prescription. The doctor did not authorize any refills. A pharmacist testified that he filled the Lortab prescription for Allen, whom he identified as a regular customer. He also authenticated pharmacy business records, including the prescription, which memorialized the sale to Allen.

A few days after obtaining the prescription, Allen asked his doctor for more Lortab. Because Allen should not have exhausted his ten-day supply, the doctor refused. That same day, another patient told the doctor that Allen offered to sell her some of his Lortab.

[10] 253 Ga. App. 626, 627 (2) (560 SE2d 54) (2002).
[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

Concerned, the doctor called the pharmacy to check on Allen's prescription, and, upon receiving a fax of it from the pharmacist, discovered that the prescription had been altered to provide for two refills. The doctor testified that he did not circle the "2" on the refill line on the prescription form that Allen presented to the pharmacist. The doctor immediately called the police and an investigator with the Elbert County Sheriff's Office obtained a warrant for Allen's arrest.

During the evening of July 31, 1997, a deputy sheriff spotted Allen driving through Elberton. The deputy knew there was an outstanding warrant for Allen's arrest, so he turned on his blue lights and directed Allen to stop his car. As Allen brought his car to a stop, the deputy observed Allen lean over as if he was concealing something under the driver's seat. When the deputy walked up to Allen's car, he saw, in plain view, a partially burned marijuana "joint" on the center console between the car's front seats and a clear plastic bag containing marijuana wedged into the driver's side door handle. The deputy arrested Allen, had Allen's car towed to the detention center to be impounded, and notified the investigator who had taken out the warrant that Allen was in custody.

The investigator met the deputy at the detention center. The investigator testified that he also saw the marijuana joint and the plastic bag containing marijuana in plain view as he stood outside Allen's car. Pursuant to an inventory search of Allen's car, the investigator seized the marijuana. He also recovered a small glass bottle containing four "rocks" of cocaine and a pharmacy pill bottle labeled with Allen's Lortab prescription. The pill bottle label indicated that two refills were available. The investigator found the cocaine on the floorboard beneath the driver's seat. During a custodial interview, Allen told the investigator he altered the prescription so that he could get two refills. He explained: "[Y]es, but look, I could have circled the 3 or 4 and that would have been worse."

1. Allen contends the State failed to adduce evidence sufficient to support his conviction for forgery in the second degree. In relevant part, Georgia law provides that a person commits the offense of forgery in the second degree when "with the intent to defraud he knowingly . . . alters . . . any writing . . . in such manner that the writing as . . . altered purports to have been made by another person, . . . with different provisions, or by authority of one who did not give such authority." OCGA § 16-9-2 (a).

Allen's doctor testified that the Lortab prescription he wrote for Allen provided for no refills. Lortab is a narcotic, a controlled substance, and is unavailable without a prescription. The doctor testified that he did not circle the "2" on the refill line on the prescription form that Allen presented to the pharmacist. The pharmacist identified Allen as a regular customer and testified that he filled the Lortab

prescription for Allen. He also authenticated the pharmacy business records, including the altered prescription, which memorialized the sale of the drug to Allen. After Allen was arrested, he gave a statement to police in which he admitted altering the prescription so that he could get two refills. This evidence establishes that Allen, with the fraudulent intent to obtain drugs he was not legally entitled to, knowingly altered a written prescription form so that it would appear that his doctor gave his pharmacist authority to dispense two additional refills of a controlled narcotic to him. This is sufficient to establish the offense of forgery in the second degree beyond a reasonable doubt. OCGA § 16-9-2. See *Davis v. State*, 264 Ga. App. 128, 131 (1) (589 SE2d 700) (2003) (selling fake event credentials).

2. Allen contends the trial court erred in denying his motion for a psychological evaluation without first conducting an evidentiary hearing pursuant to Uniform Superior Court Rule 31.5.[2] We have carefully reviewed the record, and it contains no motion for a psychological evaluation. The record does reveal, however, that on September 22, 2003, the superior court entered an order denying a motion for a psychological evaluation as untimely. Since Allen was convicted four years before that date, and the record, including the trial and motion transcripts, contains nothing suggesting that a motion for a psychological examination was ever properly pending or the grounds therefor, we must presume that the trial court properly denied the motion. *Wood v. State*, 199 Ga. App. 252 (1) (404 SE2d 589) (1991) ("The defendant has the burden of showing error affirmatively by the record and this burden is not discharged by recitations in the brief.") (citations and punctuation omitted).

3. Allen contends he is entitled to a new trial because his trial counsel was ineffective. He claims his attorney was unprepared, failed to confer with him prior to trial, failed to advise him that he was being tried as a recidivist, and failed to inform him of the maximum sentence he could receive if convicted. To prevail on a claim of ineffective assistance of counsel, an appellant must show both that counsel's performance was deficient and that but for this deficiency, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984). Failure to satisfy either prong of the *Strickland* standard is

---

[2] Uniform Superior Court Rule 31.5, in relevant part, provides:
In pending superior court cases, ... where the mental competency of an accused is brought into question, the judge may, upon a proper showing, exercise discretion and require a mental examination and evaluation at public expense. For a defendant who is represented by counsel, a motion for mental examination may be filed in writing by counsel setting out allegations and grounds for such motion, praying for a court-ordered evaluation.

fatal to an ineffective assistance claim. *Brewer v. State*, 224 Ga. App. 656, 657-658 (2) (481 SE2d 608) (1997). "The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous." (Citation omitted.) *Chapman v. State*, 273 Ga. 348, 350 (2) (541 SE2d 634) (2001).

Allen was represented at trial by the head of the Public Defender's Office for the Northern Judicial Circuit. Although Allen's attorney had a heavy case load, had supervisory responsibilities, and was appointed at arraignment, he testified at the motion for new trial hearing that he was able to manage his duties and that he was well-prepared for trial. He met Allen "a number of times" prior to trial and had "plenty of time to meet with [Allen] whenever" they needed to talk. He also interviewed Allen's witnesses. He filed a motion to suppress, a motion in limine, and a motion challenging the voluntariness of Allen's custodial statement. Although he did not specifically recall all of the details of his conversations with Allen because three years had elapsed since the trial, the attorney testified that he received notice that Allen would be tried as a recidivist and that it was his practice to explain what that meant to his client. It was also his practice to advise his client of the possible sentences he could receive and the risks of going to trial.

The attorney testified that he spent "a lot of time preparing," including taking pictures of Allen's car to use in impeaching the investigating officers. His strategy was to stick with Allen's "general denial" and to argue that the marijuana and cocaine were not Allen's. Our review of the motions hearings and trial transcript reveals that the attorney thoroughly cross-examined each witness, preserved his objections, and successfully excluded hearsay testimony and physical evidence. The attorney found Allen a "credible" witness on his own behalf and put him on the stand. He also called Allen's girlfriend to testify about Allen's injuries and legitimate need for pain medication. Finally, the attorney was successful in getting Allen acquitted of the greater charge, possession of cocaine with intent to distribute.

Upon reviewing the entire record, we find that the evidence supports the trial court's conclusions. Allen failed to carry his burden of showing that his trial counsel's performance was deficient in any of the ways alleged. Failure to satisfy the deficiency prong of the *Strickland* standard is fatal to an ineffective assistance claim. *Brewer v. State*, 224 Ga. App. at 657-658 (2). Consequently, we find no error.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MARCH 4, 2005.

*Ramon J. Fajardo*, for appellant.

*Robert W. Lavender, District Attorney, Leon Jourolmon, Assistant District Attorney*, for appellee.