A05A0319. HARDEN v. THE STATE.
(612 SE2d 877)

JOHNSON, Presiding Judge.

Tracy Lee Harden was tried before a jury on charges of burglary, aggravated assault, kidnapping, rape and aggravated sodomy. According to evidence presented at the trial, Harden met a married couple at a bar in the city of Dublin. When the couple left the bar, Harden followed them in his truck to their house. After the couple had gone to sleep, Harden broke into their home, entered their bedroom, struck the husband in the head with a hammer and then forced the wife to the living room where he sexually assaulted her. When the husband awoke, he came into the living room and punched Harden, who fled from the home. The couple called the police, and a short time later Harden was found and arrested at a local motel.

The jury found Harden guilty of all charges. The court imposed 20-year sentences for the burglary and aggravated assault, and sentences of life without parole for the kidnapping, rape and aggravated sodomy. Harden appeals.

1. In his first enumeration of error, Harden complains that the trial court erred in failing to give curative instructions after outbursts by the female victim and a similar transaction witness. The complaint is wholly without merit.

As for the victim, the court declared a ten-minute recess at the end of her direct testimony. At that point, the victim became upset, began crying and ran from the courtroom through a door adjacent to the witness stand. Harden moved for a mistrial, which the trial court denied.

As for the similar transaction witness, when the prosecutor asked her to identify Harden, she said, "He's sitting right there and I will never, ever forget your face." Harden's lawyer asked the court to tell the witness to be responsive to the question and moved for a mistrial. The court did not grant the request to tell the witness to be responsive and did not rule on the mistrial motion.

On appeal, Harden has not challenged the trial court's failure to grant either of his motions for a mistrial; rather, he claims only that the court erred in failing to give curative instructions to the jury after the two witnesses' purported outbursts. This claim, however, presents nothing for us to review because on both occasions no request for curative instructions was ever made by Harden or ruled upon by the trial court.

> [F]ailure to request a curative instruction constitutes a waiver of any appellate issues regarding the giving of such an instruction to the jury. Reversible error would not flow from the failure to give an unrequested curative instruction, as in no case will a trial judge's ruling or election be reversed for not going further than requested.[1]

Because Harden could have asked for curative instructions, but failed to do so, we will not grant him more relief on appeal than that actually prayed for at trial.[2] Furthermore, even if we assume for the sake of argument that the court erred in failing to give curative instructions, any error was harmless in light of the overwhelming evidence of Harden's guilt.[3]

2. Harden contends that his character was impermissibly placed in issue when a similar transaction witness testified that immediately after Harden had raped her, he lay beside her and told her that "he had done that to five other women." Harden, however, did not object to the testimony at the time it was offered.

Instead, the witness gave further direct testimony. Harden's attorney cross-examined her. Another witness testified and the state rested. Harden unsuccessfully moved for a directed verdict. The

---

[1] (Citations and punctuation omitted.) *Milton v. State*, 232 Ga. App. 672, 676 (3) (503 SE2d 566) (1998).

[2] *Mitchell v. State*, 255 Ga. App. 585, 590 (5) (565 SE2d 889) (2002).

[3] See *Lanier v. State*, 269 Ga. App. 284, 288 (2) (603 SE2d 772) (2004).

charge conference was held. The attorneys made their closing arguments. The court fully charged the jurors and then sent them to the jury room to deliberate. Harden excepted to one of the charges and the parties discussed the verdict form. Then, for the first time, Harden objected to the similar transaction witness' testimony as improper character evidence.

> When testimony is tendered an objection must be made, affording the court opportunity to rule upon the admissibility of the testimony upon the grounds then urged and in the context of the matter as it then appears, and failure to make a timely objection to testimony when it is offered results in a waiver of any objection that might have been urged. All evidence is admitted as of course unless a valid ground of objection is interposed, the burden being upon the objecting party to state at the time some specific reason why it should not be admitted.[4]

Because Harden failed to make a timely objection to the testimony when it was offered and instead waited until after the jury had been charged to challenge the testimony, he waived any objection that might have been raised. Moreover, had Harden raised a timely objection, the testimony still would have been admissible as part of the res gestae, even if it incidentally placed his character in evidence.[5]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED MARCH 29, 2005.

*Carlton K. Nelson III*, for appellant.
*Ralph M. Walke, District Attorney, Terry F. Holland, Assistant District Attorney*, for appellee.

---

[4] (Citations, punctuation and emphasis omitted.) *Carradine v. State*, 234 Ga. App. 330, 331 (506 SE2d 688) (1998).

[5] *McLendon v. State*, 258 Ga. App. 133, 134-135 (2) (572 SE2d 763) (2002).