## A05A1608. PARKER v. THE STATE.
### (626 SE2d 152)

ANDREWS, Presiding Judge.

Antonio Parker appeals from the judgment entered after a jury found him guilty of trafficking in cocaine. Parker claims that there was insufficient evidence to support the verdict, that the trial court erred in revoking his pretrial bond without notice during trial, and that the trial court also erred in charging the jury on flight. After reviewing the record, we conclude there was no reversible error and affirm.

The evidence at trial, taken in the light most favorable to the verdict, was as follows. The arresting officer, who was with the Clark Atlanta University Police Department, testified that on the morning in question he was stopped at an intersection monitoring traffic and school buses when Parker pulled up beside him. The officer said the music coming from Parker's car was so loud that the trunk of the police car was vibrating and the windows were shaking. The officer pulled Parker over and asked him for a driver's license and proof of insurance, intending to check his license and to tell him to turn his radio down. But, Parker gave the officer a license which was obviously not his. The officer ran the license anyway and when it came back, he told Parker that the license was not his and asked for his name and date of birth. Parker gave him another name and date of birth, and this information came back as a nonexistent person. At that point, the officer asked Parker to step out of his car, did a pat-down for weapons, handcuffed him, and put him in the backseat of the patrol car. Parker then gave the officer a third name and date of birth, which also came back as nonexistent.

The officer took Parker to the police station, intending to charge him with driving without a license, giving false information to an officer, and violating the noise ordinance. After Parker was taken into the station, he gave the officer another name and date of birth. This too came back negative. The officer took Parker back out to his patrol car intending to take him to the Fulton County jail. When the officer opened the door of the car, he saw a plastic bag "protruding from the backseat." The bag was later found to contain 47.80 grams of cocaine.

Parker testified in his own defense. He said he gave the officer the false names because his license was suspended. Parker denied that the cocaine found in the patrol car was his.

After the close of the evidence, the prosecutor moved to revoke Parker's bond until the jury reached a verdict. The trial court granted the motion. Nevertheless, at some point during the lunch recess,

Parker got up, walked out of the courtroom and did not return.[1] The trial court informed the jury that Parker "apparently had some other urgent business that he had to take care of," and had left and could not be found. The court told the jury that the trial would go forward in Parker's absence. The jury subsequently convicted Parker of trafficking in cocaine and this appeal followed.

1. Parker claims the evidence was insufficient because the State failed to prove beyond a reasonable doubt that he was the one who put the cocaine in the police car. He argues that the officer did not find the drugs when he performed the pat-down for weapons and did not see any drugs in the patrol car when he got Parker out of the car at the police station.

The arresting officer testified that when he patted Parker down for weapons, he was not doing a search. He did not look in Parker's pockets but merely patted them to see if Parker was carrying a gun or a knife. The officer also testified that he did a thorough search of his patrol car before taking it out that morning, and there was nothing in the backseat at that time. No one else was in the car before the officer arrested Parker. The officer stated that while Parker was in the police station, the car was locked, the alarm was on, and no one could have opened the door and planted the drugs.

Also, there was evidence that the cuffs used on Parker were chain cuffs, which allow greater mobility than the hinged cuffs. The prosecutor demonstrated for the jurors how a person with these handcuffs on would be able to reach his pocket and remove something from it.

The evidence was sufficient to support the verdict.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict and the [defendant] no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204) [(1991)]; *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381) [(1994)].

*Dolphus v. State*, 218 Ga. App. 565, 566 (462 SE2d 453) (1995). In this case, the evidence set out above was sufficient for a jury to find Parker guilty of trafficking in cocaine beyond a reasonable doubt. *Jackson*, supra.

---

[1] Parker was caught 16 months later and sentenced.

2. Next, Parker claims the trial court erred in revoking his pretrial bond during trial. He claims this revocation was without notice and without a hearing.

The record shows that after Parker testified, the prosecutor moved to revoke his bond and take him into custody. He stated that in light of Parker's testimony, the weight of the charges and the mandatory minimum sentence, Parker should be taken into custody pending the jury's verdict. The trial court agreed, noting that it would be a very short period of time before the jury began deliberating.

"[T]rial courts have authority, as an incident of their inherent powers to manage the conduct of proceedings before them, to revoke bail during the course of a criminal trial, when such action is appropriate to the orderly progress of the trial and the fair administration of justice." (Punctuation omitted.) *Clarke v. State*, 228 Ga. App. 219, 222 (491 SE2d 450) (1997) (quoting *Fernandez v. United States*, ___ U. S. ___ (81 SC 642, 644, 5 LE2d 683, 686) (1961)). And, the amount of due process required in order to revoke a bond "must necessarily depend on the circumstances in each case." *Hood v. Carsten*, 267 Ga. 579, 581 (481 SE2d 525) (1997). But, at a minimum, the accused must have a hearing within a reasonable time after arrest. Id. at 582.

Here, defense counsel was given the opportunity to be heard and did, in fact, argue against the motion to revoke bond. Accordingly, Parker was given notice and an opportunity to be heard, thus satisfying the due process required to revoke bond. *Hood*, supra.

3. Parker also argues that the trial court's charge on flight was an improper expression of opinion and violated his constitutional rights. There was no charge on flight. After the jury retired for deliberations, they sent out a question asking "Can we take into account the fact [that] Antonio left before closing statements?" The court replied: "Ladies and gentlemen, I think you can take into account all of the circumstances of this trial. So you can take that into account. However, the weight that you give that, if any, is strictly up to you. But everything that happened in this courtroom during the trial that you observed you may take into account and consider it."

*Renner v. State*, 260 Ga. 515 (397 SE2d 683) (1990), relied on by Parker, is not on point. In *Renner*, the trial court charged the jury on the flight of the defendant from the scene of the crime. That is not helpful in this case.

Further, Parker cites to no case law on point in support of his claim that this response to the jury's question was error, and we find none. This enumeration is without merit.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JANUARY 9, 2006.

*Daniel B. Kane, Alice C. Stewart, Richard A. Hunt,* for appellant. *Paul L. Howard, Jr., District Attorney, Rand J. Csehy, Christopher M. Quinn, Assistant District Attorneys,* for appellee.