## A06A0648. BRANTON v. THE STATE.
(630 SE2d 787)

SMITH, Presiding Judge.

Theadio Branton appeals from the trial court's denial of his motion to dismiss an October 2004 indictment on the ground that he was denied the right to a speedy trial. Because Branton's demand for speedy trial was untimely, we affirm.

Branton was indicted for various offenses in October 2004. On March 16, 2005, Branton filed a demand for speedy trial. The same day, the State moved to dismiss the demand on the ground that it was

---

untimely. The trial court granted the State's motion to dismiss, and Branton filed a motion to vacate that order. Following the trial court's denial of his motion to vacate, Branton moved to dismiss the indictment on the ground that he was denied the right to a speedy trial. He now appeals from the denial of that motion.

In three enumerations, Branton argues that the trial court erred in dismissing his demand for speedy trial without holding a hearing, and erred in dismissing his motions to vacate and to dismiss the indictment. The underlying issue to be decided here, however, is whether Branton's demand for speedy trial was timely.

OCGA § 17-7-170 (a) provides that "[a]ny person against whom a true bill of indictment or an accusation is filed with the clerk for an offense not affecting the person's life may enter a demand for trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter." The terms for DeKalb County Superior Court begin the first Monday in January, March, May, July, September, and November. OCGA § 15-6-3 (37). Since Branton was indicted in October 2004, he was required to file his demand for speedy trial during either the September term or the November term. But Branton did not file his demand until March 2005, *three* terms following the term in which he was indicted. Branton's demand for speedy trial was therefore untimely. See *Smith v. State*, 207 Ga. App. 762, 763 (429 SE2d 149) (1993).

Although Branton argues that he was not served with the State's motion to dismiss his demand for speedy trial, the record reveals a certificate of service filed by the State with the same address as that shown for Branton's counsel in the demand for speedy trial. See generally OCGA § 17-1-1 (filing and service of motions). In any case, no hearing was required. The trial court would have had authority to dismiss Branton's demand for speedy trial even in the absence of a motion by the State, since the demand clearly was untimely.

Because the trial court properly dismissed as untimely Branton's demand for speedy trial, it follows that there was no error in denying his subsequent motions to vacate that dismissal and to dismiss the indictment against him.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED APRIL 27, 2006 —
RECONSIDERATION DENIED MAY 11, 2006 — 

*Herbert Shafer*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.