A06A1939. DANIEL v. THE STATE.
(638 SE2d 430)

MILLER, Judge.

Following a jury trial, Derrick Lamont Daniel was convicted of reckless driving, failure to maintain lane, driving with defective

equipment, fleeing or attempting to elude a police officer, and obstruction of a police officer. On appeal, Daniel claims that the evidence was insufficient to support his convictions. We disagree and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

Here, the evidence shows that on the morning of December 28, 2003, an officer with the Newton County Sheriff's Department observed a vehicle, with one headlight out, traveling at a high rate of speed. After the vehicle crossed a double yellow line to pass another vehicle, the officer activated his lights and siren to initiate a traffic stop. The driver of the vehicle failed to stop, but rather continued driving in a reckless manner. When the vehicle finally stopped, the officer saw Daniel emerge from the vehicle and run into the woods. The officer pursued Daniel through the woods but was unable to catch him.

The officer, with his pants wet from running through the woods, returned to Daniel's car, where he located a paycheck stub with Daniel's name and a sign with Daniel's phone number. When the officer went to Daniel's home, he identified Daniel as the driver of the vehicle. The officer also observed that Daniel's pants were, like his, wet below the knee.

Although both Daniel and his sisters testified that Daniel was asleep at the time his car was seen by the officer, the jury is the judge of credibility of witnesses and was authorized to disbelieve the proffered alibi defense. See *Roberts v. State*, 267 Ga. 669, 671 (1) (482 SE2d 245) (1997). As a result, the evidence was sufficient to sustain Daniel's convictions. See OCGA §§ 40-6-390 (a) (reckless driving); 40-6-48 (failure to maintain lane); 40-8-7 (driving with defective equipment); 40-6-395 (a) (fleeing or attempting to elude a police officer); and 16-10-24 (obstruction of a police officer).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 6, 2006.

*Daniel R. Partain*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Melanie B. McCrorey, Assistant District Attorney*, for appellee.