### A08A0779. BRANTON v. THE STATE.
(663 SE2d 414)

RUFFIN, Presiding Judge.

Following a jury trial, Theadio Branton was convicted of aggravated assault on a peace officer, interfering with government property, reckless driving, obstructing an officer, and possessing a firearm as a convicted felon.[1] Branton appeals his convictions and the denial of his motion for new trial, challenging the sufficiency of the evidence as to his convictions for aggravated assault on a peace officer, interfering with government property, and obstructing a peace officer. He also argues that the trial court erred in denying his request for a mistrial, revoking his bond, instructing the jury, and denying his motion for a directed verdict. He further alleges that he received ineffective assistance of counsel. We affirm, for reasons that follow.

On appeal from a criminal conviction, we review the evidence in

---

[1] The jury found Branton not guilty of aggravated assault and possessing a firearm during the commission of a felony. He was also charged with a second count of possessing a firearm as a convicted felon, but the trial court entered a nolle prosequi as to that charge.

a light favorable to the verdict, and the defendant no longer enjoys a presumption of innocence.[2] We neither resolve issues of witness credibility nor weigh the evidence, but merely determine whether the evidence was sufficient to find the defendant guilty beyond a reasonable doubt.[3] So viewed, the evidence shows that Branton and Halbert Hollis were involved in a physical altercation. Hollis testified that, after the fight, on July 27, 2003, Branton approached him at a party, brandished a gun, and shot him.

The police issued an arrest warrant for Branton, and the fugitive squad was assigned to locate him. On August 21, 2003, while conducting surveillance at Branton's girlfriend's residence, police investigator Wayne Nelson observed Branton exit the home, enter his car, and drive away. Nelson radioed for assistance and followed Branton in an unmarked police vehicle. After leading the police through various neighborhoods, Branton drove into a grocery store parking lot. Nelson pulled in behind Branton and another officer, Sergeant Sheirling, pulled his marked squad car in front of Branton, partially blocking the entrance into the parking lot. Branton "stopped his vehicle as if he was surrendering," and Nelson, who was wearing a vest identifying him as an officer and his badge around his neck, exited his vehicle and began to approach Branton. Branton made eye contact with Nelson before he "sped off," hitting Sheirling's marked patrol car in the process. Nelson and Sheirling entered their vehicles and pursued Branton; both officers saw Branton throw a handgun out of his car. Branton eventually lost control of his car, drove it into a house, and fled on foot before being caught in nearby woods.

1. In two enumerations of error, Branton alleges that the evidence was insufficient to support his convictions for aggravated assault on a peace officer, interfering with government property, and obstructing an officer.[4]

(a) Branton argues that the State failed to produce sufficient evidence of aggravated assault because it failed to prove that he intended to harm Sergeant Sheirling or that he was in full control of his vehicle before the impact. We disagree. A person commits aggravated assault on a police officer when he assaults a peace officer in the line of duty "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is

---

[2] See *Williams v. State*, 268 Ga. App. 384 (1) (601 SE2d 833) (2004).

[3] See id.

[4] In addition to directly challenging the sufficiency of the evidence, Branton also contends that the trial court should have granted a directed verdict on these counts. As the review of the claims is the same, we treat them as a single enumeration of error. See *Porter v. State*, 290 Ga. App. 113, 113-114 (1) (658 SE2d 893) (2008).

likely to or actually does result in serious bodily injury."[5] An assault occurs when a person "[a]ttempts to commit a violent injury to the person of another; or . . . [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury."[6] "The question of whether an automobile has been intentionally used in such a manner so as to constitute a deadly or offensive weapon is one for the jury to resolve."[7]

Here, after coming to a complete stop and making eye contact with the approaching officer, Branton accelerated and struck Sheirling's patrol car, "mov[ing] it to the left across into the southbound lane" and causing damage to the vehicle. Sheirling testified that Branton "deliberately rammed" the patrol car "in order to get away." Branton then drove away at a high rate of speed. There was no evidence whatsoever that Branton lost control of his vehicle. Under these circumstances, the jury was entitled to conclude that Branton committed aggravated assault on a peace officer.[8]

(b) Branton also challenges his conviction for interfering with government property, claiming that there was insufficient evidence that he intended to damage the police vehicle and that the State failed to "detail what damage, if any, was inflicted on the police vehicle." To prove interference with government property, the State was required to show that Branton destroyed, damaged, or defaced government property.[9] The officers' testimony that Branton drove his vehicle into a marked DeKalb County Sheriff's Department patrol car, causing damage, was sufficient to allow the jury to find the essential elements of the crime charged.[10]

(c) Branton also challenges the sufficiency of the evidence for his conviction for obstructing an officer. But he has failed to provide any argument or citation of authority to support this contention and has therefore abandoned it.[11] We have nonetheless reviewed the record and find the evidence sufficient to authorize Branton's conviction for obstructing an officer.[12]

---

[5] OCGA § 16-5-21 (a) (2), (c).

[6] OCGA § 16-5-20 (a) (1), (2).

[7] *Adams v. State*, 280 Ga. App. 779, 781 (634 SE2d 868) (2006).

[8] See *Young v. State*, 273 Ga. App. 151, 152-153 (1) (614 SE2d 257) (2005); *Black v. State*, 222 Ga. App. 80, 81 (1) (473 SE2d 186) (1996).

[9] See OCGA § 16-7-24 (a).

[10] See *Arnold v. State*, 262 Ga. App. 61, 61-62 (1) (584 SE2d 662) (2003).

[11] See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Fetterolf v. State*, 223 Ga. App. 744, 747 (5) (478 SE2d 889) (1996).

[12] See OCGA § 16-10-24 (a); *Daniel v. State*, 282 Ga. App. 291, 292 (638 SE2d 430) (2006); *Wilder v. State*, 243 Ga. App. 807, 808 (4) (534 SE2d 487) (2000).

2. Branton contends that the trial court erred in denying his motion for a mistrial. During direct examination, the prosecutor asked a witness if Branton had offered the witness money to testify on Branton's behalf, and the witness responded, "No." Branton moved for a mistrial, alleging that the State failed to demonstrate that it had a factual basis for the question. The State made a proffer, stating that "[t]hrough our investigation, we have received information that this defendant has made efforts to offer people money," and the trial court denied the motion.

On appeal, Branton alleges that

> this unchecked, grossly improper character evidence improperly influenced the jury and is directly related to the guilty verdicts on several counts of the indictment. No proper foundation was laid for such an inquiry. Appellant was completely without notice through the discovery materials to be able to refute such an allegation. Moreover, the trial court did not give a curative instruction.[13]

In support of this enumeration, Branton relies upon a single case — *Porter v. State*[14] — that sets forth the standard of review for reviewing a trial court's ruling on a motion for mistrial based upon the admission of improper character evidence. He provides no citation of authority to support his arguments regarding the purported lack of foundation for the prosecutor's question and the State's failure to disclose such evidence during discovery, or that the question elicited "grossly improper character evidence."

Notwithstanding Branton's failure to support his arguments with relevant citation of authority, we find no basis for reversal. Evidence that a defendant attempted to influence a witness' testimony by offering him money is admissible to show consciousness of guilt.[15] Thus, the question was not per se improper. Furthermore, the witness responded negatively, which mitigates against any showing of harm.[16] Under these circumstances, including the negative response by the witness, we find no abuse of discretion in the trial

---

[13] Branton never requested a curative instruction. Thus, the trial court's failure to give one cannot serve as a basis for reversal. See *Harden v. State*, 272 Ga. App. 559, 560 (1) (612 SE2d 877) (2005).

[14] 163 Ga. App. 511 (295 SE2d 179) (1982).

[15] See *Bridges v. State*, 279 Ga. 351, 355 (6) (613 SE2d 621) (2005); *Nguyen v. State*, 273 Ga. 389, 398 (3) (543 SE2d 5) (2001).

[16] See *Brady v. State*, 169 Ga. App. 316, 318 (4) (312 SE2d 632) (1983) (while the State's question to a witness regarding whether the defendant had any outstanding warrants "invited the witness to place [the] defendant's character in evidence, there was no harm suffered since the answer was in the negative").

court's denial of Branton's motion for mistrial.[17]

3. Branton further argues that the trial court erred in revoking his bond. In so doing, the trial court stated that

> in the process of searching for the bond order, it came to the court's attention that [Branton] . . . has pled guilty subsequent to his arrest for these charges, to some misdemeanor charges, and [I am] inclined to revoke his bond based on the fact that he has become a threat to the community. . . . [I am] not sure why he got a bond to begin with. . . . The court is revoking his bond based on the testimony of the case in chief that was presented by the [S]tate and . . . his subsequent guilty plea to these misdemeanor convictions. . . . I have no confidence that this man will do what he is supposed to do or come back to this court as he is supposed to. . . . I don't want him on the street. A person allegedly was shot twice, and there was a very serious police chase in which there has been evidence now that has been admitted involving a firearm. The court just thinks until this matter is fully resolved, he [does not] need to be on the streets.

Defense counsel objected to the revocation, arguing that it was punitive and interfered with his ability to confer with Branton.

> Trial courts have authority, as an incident of their inherent powers to manage the conduct of proceedings before them, to revoke bail during the course of a criminal trial, when such action is appropriate to the orderly progress of the trial and the fair administration of justice.[18]

And here, "defense counsel was given the opportunity to be heard and did, in fact, argue against the motion to revoke bond."[19] Under the circumstances of this case, we find no error.[20]

4. Branton also alleges that the trial court erred in failing to charge the jury on justification, his "sole defense" to the charge of possessing a firearm as a convicted felon. Specifically, he contends that

> (1) he was in possession of a firearm because he was beaten and hospitalized prior to the July 27, 2003 shooting; (2) he

---

[17] See id.; *Kania v. State*, 280 Ga. App. 356, 360 (3) (634 SE2d 146) (2006).

[18] (Punctuation omitted.) *Parker v. State*, 277 Ga. App. 155, 157 (2) (626 SE2d 152) (2006).

[19] Id.

[20] See id.

was beaten by several men at a party on July 27, 2003 where multiple shots were fired; [and] (3) he was being followed by an unmarked vehicle [— the fugitive squad officer —] on August 21, 2003.

Justification is a defense to the prosecution "for *any* crime,"[21] including possession of a firearm by a convicted felon.[22] A "trial court must charge the jury on a defendant's sole defense, even in the absence of a written request, if there is some evidence to support the charge."[23]

Given the facts of this case, we find no error in the trial court's failure to charge the jury on justification. Certainly, there are circumstances in which a jury is authorized to conclude that a convicted felon was justified in having a firearm in his possession.[24] Generally, however, there is a requirement that the defendant be in imminent danger before such a charge is required.[25] Where, as here, there is no evidence of an *imminent* threat or other present threat of death or serious bodily injury to Branton or a third party — or any of the specific circumstances set forth in OCGA § 16-3-21 — the trial court did not err in refusing Branton's request to charge on justification as a defense to the charge of possessing a firearm as a convicted felon.[26]

5. Branton also contends that he received ineffective assistance of counsel. To prevail on this claim, he must show both that his counsel's performance was deficient and that, but for the deficient performance, there is a reasonable probability the outcome of the trial would have been different.[27]

---

[21] (Emphasis supplied.) OCGA § 16-3-20.

[22] See *Stanford v. State*, 259 Ga. App. 188, 189 (576 SE2d 594) (2003).

[23] (Punctuation omitted.) Id.

[24] See, e.g., *Little v. State*, 195 Ga. App. 130 (392 SE2d 896) (1990) (physical precedent only).

[25] See *Gravitt v. State*, 279 Ga. 33, 34 (2) (608 SE2d 202) (2005); *Grant v. State*, 257 Ga. App. 678, 682-683 (2) (a) (572 SE2d 38) (2002).

[26] See *Stanford*, supra (no error in refusing defendant's request to charge on justification where "[n]o necessity or emergency required him" to possess a handgun); see also *United States v. Rice*, 214 F3d 1295, 1297-1299 (11th Cir. 2000) (defendant who had been repeatedly threatened and beaten by gang members failed to establish a justification defense to the charge of possessing a firearm as a convicted felon where there was no evidence of an unlawful and present, imminent, and impending threat of death or serious bodily injury); *United States v. Deleveaux*, 205 F3d 1292, 1297-1298 (11th Cir. 2000) (to establish a justification defense to the charge of possession of a firearm as a convicted felon, the defendant must show, inter alia, that he was under an "unlawful and present, imminent, and impending threat of death or serious bodily injury"); *United States v. Perrin*, 45 F3d 869, 875 (4th Cir. 1995) (no justification defense where victim came to defendant's apartment with a gun two days before defendant's possession of firearm).

[27] See *Phillips v. State*, 284 Ga. App. 224, 230-231 (4) (644 SE2d 153) (2007).

(a) Branton argues that his trial counsel was ineffective in failing to preserve the testimony of an unavailable witness, Matthew Braithwaite. Because Branton did not raise this argument as a basis for his claim of ineffective assistance of counsel at his motion for new trial, he has waived this argument. "Where the issue of trial counsel's effectiveness has been raised on motion for new trial, any claims of ineffective assistance by trial counsel not raised at that time are waived. Such claims unasserted at the trial level are procedurally barred."[28]

Moreover, "[b]ecause [Branton] failed to make any proffer of [Braithwaite's] testimony, it is impossible for [Branton] to show there is a reasonable probability the results of the proceedings would have been different."[29]

(b) Branton further alleges that he received ineffective assistance because trial counsel did not come to the jail to consult with him during the trial. On the second day of trial, after the State rested, the trial court revoked Branton's bond. Trial counsel objected, stating that Branton's jailing would hamper his ability to confer with his client.

Contrary to Branton's contention, there is no evidence that trial counsel was precluded from conferring with him before the trial commenced the following day.[30] Trial counsel met with Branton "numerous times" and they "were in constant touch" until his bond was revoked. Trial counsel filed multiple motions, including a motion to dismiss the indictment for failure to comply with a speedy trial demand,[31] a motion to sever the offenses, and a motion to compel. Branton was ultimately acquitted of two of the eight charges alleged in the indictment, and the trial court entered a nolle prosequi for a third charge.

Under these circumstances, Branton has not demonstrated that trial counsel was deficient in failing to travel to the jail, mid-trial, to confer with him. Failure to establish deficiency "is fatal to an ineffective assistance claim."[32] "Moreover, [Branton] offers no explanation of how additional communications with his lawyer would

---

[28] (Citation, punctuation and footnote omitted.) *Smith v. State*, 282 Ga. App. 339, 344 (4) (638 SE2d 791) (2006).

[29] *Duvall v. State*, 273 Ga. App. 143, 145 (3) (b) (614 SE2d 234) (2005).

[30] The trial court adjourned for the day at approximately 3:30 p.m. after revoking Branton's bond and did not reconvene until 9:00 a.m. the following day.

[31] The trial court denied the motion to dismiss, and Branton appealed. We affirmed the ruling in *Branton v. State*, 279 Ga. App. 300 (630 SE2d 787) (2006).

[32] *Allen v. State*, 272 Ga. App. 23, 25-26 (3) (611 SE2d 697) (2005); see also *Johnson v. State*, 251 Ga. App. 455, 457 (2) (554 SE2d 587) (2001).

have changed the outcome of this trial."[33] Thus, we find no error in the trial court's denial of his motion for new trial on this basis.[34]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED JUNE 19, 2008 — 

*Jenerson & Thompson, Caprice R. Jenerson, Franklin & Hubbard, Wallace C. Clayton II*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.

---

[33] (Punctuation omitted.) *Kilby v. State*, 289 Ga. App. 457, 460 (3) (657 SE2d 567) (2008).

[34] See id.; *Allen*, supra.