A09A0030. NEAL v. THE STATE.
(676 SE2d 864)

JOHNSON, Presiding Judge.

A jury found Dwight Emerson Neal, Jr., guilty of obstructing a law enforcement officer and possessing less than one ounce of marijuana based on events occurring on October 17, 2007. The same jury found him not guilty of an additional count of possessing less than one ounce of marijuana based on events occurring on February 23, 2008. Neal appeals his convictions, alleging that the trial court erred in (i) denying his motion to sever the charges arising out of the separate events, (ii) allowing the state to introduce evidence of three similar transactions, and (iii) revoking his appearance bond without sufficient notice or opportunity to be heard. Finding no error, we affirm.

Viewed in the light most favorable to the verdict,[1] the record shows that on October 17, 2007, agents with the Henry County Police Department Narcotics Division were conducting surveillance at an apartment complex when they observed two men at a picnic table passing a lit cigarette back and forth. As the agents approached the men, they smelled the odor of burnt marijuana. After one of the agents identified himself as a police officer, one of the men fled the scene and did not comply with the agent's orders to stop. The man who remained at the scene identified the fleeing suspect as Neal, although he denied that they had been smoking marijuana. However, the agents found a partially-smoked marijuana cigarette in the area of the picnic table.

On February 23, 2008, a deputy with the Henry County Police Department initiated a traffic stop on a van in which Neal was riding as a passenger. As the officer approached the van, he smelled the odor of burnt marijuana. After the deputy ordered the driver and Neal to get out of the van, both the driver and Neal admitted that they had smoked marijuana earlier in the day. A search of the van yielded a set of scales and a baggie containing a small amount of marijuana in the center console between the driver and passenger seats.

The trial court, after conducting a hearing and making the

---

[1] See *Woolfolk v. State*, 282 Ga. 139 (644 SE2d 828) (2007).

findings required by *Williams v. State*,[2] permitted the state to present evidence of three similar transactions. In each of these transactions, Neal was convicted of possessing less than one ounce of marijuana. In 2001, Neal pled guilty to marijuana possession in Clayton County after a small amount of marijuana was found in his vehicle by officers responding to an accident scene. A set of scales was discovered near the vehicle, and an officer testified that Neal threw the scales out his vehicle window. In 2006, a jury found Neal guilty of marijuana possession in Henry County after police officers discovered him, along with two other men, in an apartment where marijuana residue and a partially burnt marijuana cigarette were found. Also in 2006, Neal pled guilty to marijuana possession in Henry County after police responding to a residential smoke alarm discovered ashtrays with marijuana residue and a small amount of marijuana in Neal's pocket.

At trial, the jury was instructed that evidence of the prior convictions was being admitted solely for the limited purpose of showing Neal's course of conduct and bent of mind. The jury convicted Neal of the charges arising out of the October 17, 2007 incident, but it acquitted him of the charge arising out of the February 23, 2008 incident.

1. Neal first claims that the trial court erred in denying his motion to sever the charges arising out of the separate events. According to Neal, these charges were joined solely because they were of a similar character. We disagree.

While a defendant has an "absolute right to severance" when offenses are joined solely because they are of the same or similar character,[3] the Supreme Court of Georgia has established that a trial court need not sever offenses that are "so similar that evidence of one would be admissible . . . in the trial of the other . . . to show a common motive, plan, scheme, or bent of mind."[4] In such a circumstance,

> the decision whether to sever falls within the discretion of the trial court, which should [consider] whether in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.[5]

---

[2] 261 Ga. 640, 641-643 (2) (409 SE2d 649) (1991).

[3] *Bland v. State*, 264 Ga. 610, 611 (2) (449 SE2d 116) (1994).

[4] *Green v. State*, 279 Ga. 455, 456-457 (2) (614 SE2d 751) (2005).

[5] (Citation and punctuation omitted.) Id.; see also *Davenport v. State*, 283 Ga. 29, 33 (3) (656 SE2d 514) (2008).

Here, evidence of the October 2007 incident would have been admissible in a separate trial for possession of marijuana related to the February 2008 incident to establish Neal's bent of mind or course of conduct.[6] Accordingly, the trial court was authorized to conclude that the offenses were not joined solely because they were of the same or similar character.[7]

In addition, the trial court considered the facts and circumstances surrounding the two incidents and determined that, while they were sufficiently alike to qualify as similar transactions, they "were not so complicated that they would confuse the finder of fact." Indeed, it appears that the jury was not confused, but rather that it considered the evidence related to each of the two incidents separately in order to find Neal guilty of the charges stemming from the October 17 incident and not guilty of the charge related to the February 23 incident. Because joinder was permitted under the factors set forth in *Green v. State*,[8] and because the trial court's findings were supported by the evidence, the trial court did not abuse its discretion in denying Neal's motion to sever.[9]

2. Neal also claims the trial court erred in allowing the state to introduce evidence of his three prior convictions for possession of less than one ounce of marijuana. Neal claims that the prior crimes were not sufficiently similar or connected to the crimes for which he was charged because the "type of possession or location of the possession" were not similar. For example, he points out that the facts underlying the 2001 conviction showed that he was in his own vehicle, not riding as a passenger in someone else's vehicle, the marijuana was found loose throughout the vehicle instead of in a baggie, and the scales were discovered outside, not inside, the vehicle.

While the state must demonstrate, among other things, that a sufficient connection or similarity exists between the independent offenses or acts and the crimes charged so that proof of the former tends to prove the latter,[10] the Supreme Court of Georgia has held that "[t]he proper focus is on the similarity, not the differences, between the separate crimes and the crime in question."[11] Moreover, we will reverse a trial court's decision to admit evidence of similar

---

[6] See *Jackson v. State*, 284 Ga. App. 619, 622-623 (3) (644 SE2d 491) (2007) (prior drug possession relevant to prove bent of mind or course of conduct in subsequent prosecution for possession).

[7] See *Noble v. State*, 275 Ga. 635, 636 (2) (570 SE2d 296) (2002).

[8] Supra.

[9] See *Davenport*, supra.

[10] *Williams*, supra at 642 (2) (b); see also *State v. Johnson*, 246 Ga. 654, 655 (1) (272 SE2d 321) (1980).

[11] (Citation omitted.) *Wayne v. State*, 269 Ga. 36, 39 (3) (495 SE2d 34) (1998).

transactions only if the court has abused its discretion.[12]

Here, each of the incidents occurred in the same general area and involved less than one ounce of marijuana. In each case, police officers came upon Neal while he was in actual or constructive possession of the marijuana. In addition, Neal denied being in possession of the marijuana in each case in which he was not apprehended while in actual possession. Given that Neal also denied possession of the marijuana discovered by police on October 17, 2007 and February 23, 2008, the prior transactions were probative of his bent of mind and course of conduct.[13] The trial court, therefore, did not abuse its discretion in admitting evidence of the similar transactions.

3. Finally, Neal maintains that the trial court erred in revoking his appearance bond without sufficient notice or opportunity to be heard. The record shows that the trial court revoked Neal's bond immediately prior to trial after hearing evidence that he failed to report to pre-trial supervision as previously ordered by the court.

Neal does not claim that the revocation of his bond impaired his defense or prejudiced his ability to receive a fair trial.[14] As a result, any error in revoking Neal's bond appears to be not only moot but also insufficient to require reversal of his conviction.[15]

In any event, the trial court did not abuse its discretion in revoking Neal's bond. Trial courts "have authority, as an incident of their inherent powers to manage the conduct of proceedings before them, to revoke bail during the course of a criminal trial, when such action is appropriate to the orderly progress of the trial and the fair administration of justice."[16] The record shows that, after hearing the testimony of Neal's pre-trial supervisor, the trial court provided Neal with the opportunity to speak with the supervisor. The trial court then revisited the state's request for bond revocation later in the day and provided Neal an opportunity to be heard. Neal raised a procedural argument challenging the revocation, but he did not dispute the state's allegations, and the trial court found that he had violated his bond conditions. Under these circumstances, the trial court did not err in revoking Neal's appearance bond.[17]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

---

[12] *Mangham v. State*, 234 Ga. App. 567, 569 (1) (507 SE2d 806) (1998).

[13] *Sultenfuss v. State*, 185 Ga. App. 47, 49 (2) (363 SE2d 337) (1987); *Jackson*, supra.

[14] Compare *Branton v. State*, 292 Ga. App. 104, 108 (3) (663 SE2d 414) (2008).

[15] See *Mitchell v. State*, 282 Ga. 416, 419 (4) (651 SE2d 49) (2007); *McLendon v. State*, 123 Ga. App. 290, 298 (5) (180 SE2d 567) (1971) (physical precedent only).

[16] (Punctuation omitted.) *Parker v. State*, 277 Ga. App. 155, 157 (2) (626 SE2d 152) (2006).

[17] See *Camphor v. State*, 272 Ga. 408, 410-411 (2) (b) (529 SE2d 121) (2000); *Branton*, supra.

DECIDED MARCH 31, 2009.

*Dale T. Preiser*, for appellant.
*Charles A. Spahos, Solicitor-General, Joseph L. Stone, Assistant Solicitor-General*, for appellee.