## A11A0300. CRISP v. THE STATE.

(712 SE2d 119)

DOYLE, Judge.

Following a jury trial, Lora Joann Crisp appeals her conviction for trafficking in methamphetamine (based on manufacturing),[1] manufacturing methamphetamine,[2] possessing methamphetamine,[3] and possessing altered ephedrine.[4] She contends that the trial court erred by failing to follow the proper procedure for admitting similar transaction evidence. For the reasons that follow, we affirm.

Construed in favor of the verdict,[5] the evidence shows that police received a tip that Crisp and her boyfriend, Eric Houts, were possibly manufacturing or selling methamphetamine from a duplex they lived in with Crisp's minor child. Based on the information, officers went to the duplex, knocked on the door, and obtained Houts's consent to search the residence. After backup officers arrived, officers searched the residence and found, in the master bedroom and closet, white gas, acetone, a propane burner, a glass dish with iodine stains, drain cleaner, latex gloves, coffee filters containing white methamphetamine residue, a jar containing a bi-layer liquid, and other materials used for manufacturing methamphetamine, as explained by a testifying officer with training and field experience investigating methamphetamine labs. Elsewhere throughout the residence, officers found methamphetamine in liquid form, crushed pseudoephedrine tablet casings, as well as other chemicals and equipment in amounts and configurations typically used for manufacturing methamphetamine.

Crisp and Houts were arrested and taken to the sheriff's department for post-*Miranda*[6] interviews. Based on the police investigation, Crisp and Houts were separately charged with crimes based on the methamphetamine and manufacturing equipment.[7] Following her conviction and the denial of her motion for new trial, Crisp filed this appeal.

Crisp contends that the trial court erred by admitting statements from her police interview that she had purchased and used methamphetamine on two occasions prior to the arrest. She argues that this was evidence of prior similar criminal acts and was only

---

[1] OCGA § 16-13-31 (f).

[2] OCGA § 16-13-30 (b).

[3] OCGA § 16-13-30 (a).

[4] OCGA § 16-13-30.3 (d). For purposes of sentencing, the manufacturing and possessing methamphetamine counts merged into the trafficking count.

[5] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[6] 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[7] Houts is not a party to this appeal.

admissible as similar transaction evidence under the procedure outlined in *Williams v. State*,[8] requiring notice and a hearing as to the admissibility of the evidence for proper purposes. However, pretermitting whether the statement to police was properly admitted, the statement of prior drug use was cumulative of other unchallenged evidence that, on the day of the search, Crisp told a worker from the Department of Family and Children Services that she would not pass a drug screen because she had used methamphetamine on her birthday the prior week. By not making *any* objection to this evidence, Crisp waived any challenge to it on appeal.[9]

> When testimony is tendered an objection must be made, affording the court opportunity to rule upon the admissibility of the testimony upon the grounds then urged and in the context of the matter as it then appears, and failure to make a timely objection to testimony when it is offered results in a waiver of any objection that might have been urged. All evidence is admitted as [a matter] of course unless a valid ground of objection is interposed, the burden being upon the objecting party to state at the time some specific reason why it should not be admitted.[10]

Because the challenged evidence essentially repeated Crisp's uncontested statement that she had used methamphetamine before, it was cumulative of other unchallenged testimony, and the enumerated error provides no basis for reversal.[11]

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED JUNE 16, 2011.

*Steven A. Miller*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Bruce E. Roberts, Assistant District Attorney*, for appellee.

---

[8] 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[9] See *Harden v. State*, 272 Ga. App. 559, 560-561 (2) (612 SE2d 877) (2005). Compare *Riddle v. State*, 208 Ga. App. 8, 10 (1) (b) (403 SE2d 153) (1993) (defendant raised similar transaction issue in timely trial objection to testimony challenged on appeal).

[10] (Punctuation omitted.) *Harden*, 272 Ga. App. at 561 (2).

[11] See *Quarles v. State*, 285 Ga. App. 758, 759 (647 SE2d 415) (2007); *Clemmons v. State*, 282 Ga. App. 261, 263 (1) (638 SE2d 409) (2006).